Sawyer and another vs. Choate and others.

SAWYER and another, Executors, Appellants, vs. CHOATE and others, Respondents.

| 92 | 533 |
|----|----|
| 112 | 507 |

*February 19 — March 10, 1896.*

*Promissory notes: Indorsement: Evidence: Transactions with person since deceased: Instructions to jury.*

1. In an action against the maker and payees of a note by the executors of an indorser, who had paid the same and claimed to recover the amount paid on the ground that their testator's indorsement was merely for the accommodation of the payees, the defendants were competent to testify that such indorsement was on the note when it was delivered to the payees,— such testimony not being in respect to any transaction or communication by them personally with the deceased, within the meaning of sec. 4069, R. S.

2. The payees might testify, also, in such case, that they furnished the money for which the note was given on the credit of said indorser as well as on that of the maker.

3. A letter from the indorser, received by the maker and which, he being unable to read, had been read for him by one of the payees, was not a transaction by either of them personally with the indorser so as to render them incompetent to testify to its existence and genuineness; and, the letter having been lost, the payee who had read it might also testify to its contents.

4. An instruction to the effect that the defendants claimed that, if the note was not indorsed until after its delivery to the payees, then it was indorsed pursuant to a previous agreement, and that if the jury found that to be true their verdict should be for the defendants, left to the jury the question whether or not the indorsement was made pursuant to a previous agreement.

5. Error will not be predicated of a single sentence in a charge, if the whole charge, construed together, plainly states the law and gives the case fairly to the jury.

6. The mere fact that an indorsement was on a note at the time of the delivery of the money by the payee, is sufficient evidence that the money was paid on the credit of such indorsement.

7. The admission of incompetent evidence to a fact already sufficiently proved by competent evidence is not a material error.

APPEAL from the judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

The action is based on the following facts: On January 8, 1888, one *Peter Grattan* executed his promissory note for $2,000 to *Bray & Choate* for money furnished at the time. It was afterwards negotiated by *Bray & Choate* to the Commercial Bank of Oshkosh. At this time it had the indorsement of J. H. Kiel upon it. Kiel died. The note was presented, filed, and allowed as a claim against his estate, and paid by his executors. This action is brought to recover the sum so paid from *Bray & Choate* on the alleged ground that Kiel's indorsement was for the accommodation of *Bray & Choate*, and without consideration. On the other hand, it is claimed by *Bray & Choate* that the note was given for money advanced by them for the joint use of *Grattan* and Kiel, and that Kiel indorsed it in order to assume responsibility for it as, virtually, a joint maker with *Grattan. Grattan* was joined as maker of the note. The question principally litigated was whether Kiel's indorsement was on the note at the time when *Bray & Choate* received it, or whether it was made afterwards, for the accommodation of *Bray & Choate. Choate* and *Grattan* both testify that it was there before the note was delivered to *Bray & Choate,* and that the money was advanced on the credit of that indorsement. Julius Kiel, son of J. H. Kiel, testifies that, at the date of the transaction, his father was in the state of Michigan, and many miles from Oshkosh. The questions

mainly relate to the competency of this testimony. If the testimony was competent, it sustains the verdict.

There was a verdict and judgment for the defendants, from which the plaintiffs appeal.

For the appellants there was a brief by *Eaton & Weed*, attorneys, and *Gabe Bouck*, of counsel, and oral argument by *Mr. Bouck.*

For the respondents there was a brief by *Hooper & Hooper*, and oral argument by *Moses Hooper*.

NEWMAN, J.    It is said that the testimony of *Choate* and *Grattan*, to the effect that Kiel's indorsement was on the note at the time when it was delivered to *Bray & Choate*, was incompetent, on the ground that Kiel is dead, and that this was allowing opposite parties to testify in respect to a "transaction or communication by him [them] personally with a deceased person," in contravention to sec. 4069, R. S. Certainly, neither witness is within the literal terms of the section.   The evidence does not disclose that either was present at or witnessed the act of indorsement. They testify, simply, that the signature was on the paper at the time when it was delivered.   The testimony did not relate to any transaction or communication had *personally* with the deceased, and was competent.   *Daniels v. Foster*, 26 Wis. 686.

*Choate* was permitted to testify that he furnished the money on the credit of *Grattan* and Kiel.   This is said to be *double* error; that it permitted *Choate* to testify, in effect, to a claimed arrangement with Kiel, and was a conclusion founded on the fact of the arrangement claimed.   It may be that the presence of the indorsement upon the paper is some evidence that it was put there in pursuance of some previous arrangement; but it does not show what that arrangement was, or whether it was made with the deceased personally.   So it could not be error on the ground first

stated. And, as to the second ground of error alleged, the testimony is to the effect, simply, that credit was given to the indorsement of Kiel. It is not that credit was given to any previous arrangement with him personally or otherwise. But, even if error, it was not prejudicial; for the mere fact that the indorsement was on the paper at the time of the delivery of the money was evidence sufficient that the money was paid on the credit of the indorsement. *Snyder v. Wright,* 13 Wis. 689. Additional evidence, to a fact already sufficiently proved by competent evidence, cannot well be prejudicial error, even if erroneously received.

*Grattan* was permitted to testify that he had received a letter, purporting to be from Kiel, and which "appeared to be signed" by him; that he was unable to read, and so had shown the letter to *Choate,* who had read it for him. The letter had not been preserved, but had become lost. *Choate* was permitted to identify the signature of Kiel to the letter, and to testify to its contents. He testified that "it instructed *Grattan* to raise the money, and he would be here the first of the week, and indorse paper," etc. The letter was not a transaction had personally with Kiel, within the intention of sec. 4069, R. S.; and it was competent for both *Grattan* and *Choate* to testify to its existence. They might also testify that, in their opinion, the letter was genuine. This is settled, for this state, by *Daniels v. Foster,* 26 Wis. 686. Nor is there any reason, founded on the statute, why *Choate,* being a competent witness in the case, was incompetent to testify to the contents of the letter. There was no evidence by either defendant of transactions or communications had by them *personally* with Kiel.

Some complaint is made of the instructions given by the court. The court instructed that "it is claimed by the defendants (1) that this note was indorsed by Kiel before it was delivered to *Bray & Choate;* (2) that, if it was not indorsed by Kiel until after delivery to *Bray & Choate,* then such in-

dorsement was made pursuant to previous agreement, by which he was to indorse as surety for *Grattan*, which would amount to the same thing, in law, as if the note had been indorsed before delivery. If you find, from the evidence, that either of these propositions is true, then your verdict should be for the defendants; but if you find that neither of them is true, then your verdict should be for the plaintiffs. And in this respect it makes no difference whether he, Kiel, indorsed at the request of the maker, *Grattan*, or of the payees, *Bray & Choate*. For the material question is, not at whose instance the indorsement was made, but did the payees part with their money upon the strength of the indorsement and relying upon the credit of the indorser? The question for you to determine, therefore, is, Did Kiel indorse this note as surety indorser for *Grattan*, or for the accommodation of *Bray & Choate?* ". Several criticisms upon these instructions are made: (1) "That it told the jury that, if the note was indorsed after delivery to *Bray & Choate*, then the indorsement was made pursuant to a previous agreement," thus taking that question from the jury. The court said, in effect, on that point: "The defendants claim that, if the note was not indorsed by Kiel until after its delivery to *Bray & Choate*, then it was indorsed pursuant to a previous agreement. If you find that is true, your verdict should be for the defendants." That certainly left that question to the jury.

It is also complained that the court instructed that it made no difference at whose request the indorsement was made, whether at the request of the maker of the note, *Grattan*, or at the request of the payees of the note, *Bray & Choate*. But this is not a fair estimation of what the court really did charge. It is familiar that the whole charge is to be read and construed together. The whole of a legal proposition, with all modifying facts, suitable for an instruction to the jury, cannot always or often be compressed

within a single sentence.  The court here plainly told the jury that the important question was whether the purpose of the indorsement was to become surety for *Grattan*, and *Bray & Choate* parted with their money on the credit of the indorsement; and, if that was the fact, it made no difference at whose request he became such surety.  And that, plainly, is the law.  The charge seems to have given the case fairly to the jury.

No important error is found in the record.

*By the Court.*— The judgment of the circuit court is affirmed.