# CASES DETERMINED

# January Term, 1902.

MILWAUKEE TRUST COMPANY, Administrator, Appellant, vs.
WARREN, Respondent.

*October 17, 1901 — January 7, 1902.*

*Promissory notes: Witnesses: Competency: Transactions with persons
since deceased: Payment: Evidence: Entries in book.*

1. In an action by an administrator on a promissory note given to his
   decedent, the maker was asked whether the note had been paid.
   An objection on the ground that the witness was incompetent to
   testify to a personal transaction with the deceased payee was over-
   ruled, and she answered that it was paid.  Subsequently she testi-
   fied that she did not claim payment to anyone other than the
   deceased.  *Held,* that the testimony could not be considered to
   sustain a finding of payment.
2. In such a case defendant's sister testified that at some indefinite
   time the deceased and the defendant had a conference, after which
   the deceased said they were all settled, but testified to no fact or
   circumstance identifying the conversation as relating to the note.
   *Held,* too indefinite to sustain a finding that the note had been
   paid.
3. Unless it is shown that the entries in a book were contemporaneous
   with the transaction to which they are claimed to relate, and that
   they are true and correct, as prescribed by sec. 4189, Stats. 1898, the
   book is not admissible in evidence under that section.

APPEAL from a judgment of the circuit court for Wauke-
sha county: JAMES J. DICK, Circuit Judge. *Reversed.*

The plaintiff brings this action as administrator of the
estate of A. L. Kane, deceased, to recover on a promissory

note, dated April 9, 1895, for $926, due in one year, with six per cent. interest. The answer admitted the execution of the note and alleged payment. The court found that prior to the death of Mr. Kane the defendant fully settled and paid said note, and that defendant failed to take it up because she had forgotten that she had ever given it. Exceptions were duly filed to the findings, and from a judgment for the defendant the plaintiff brings this appeal.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. H. Remington.*

For the respondent there was a brief by *Ryan & Merton,* and oral argument by *E. Merton.*

The following opinion was filed November 5, 1901:

BARDEEN, J. The only question raised on this appeal is whether there was any competent or sufficient evidence to warrant a finding that the note in question had been paid. It was admitted by the answer that plaintiff's intestate was dead. Under the statute (sec. 4069, Stats. 1898), the defendant was an incompetent witness to testify that she paid the note to the deceased. On the trial the defendant was asked the following question by her counsel: " I ask you whether or not that note has been paid or otherwise." The objection was made, that she was incompetent to testify to a personal transaction with the deceased payee. The court overruled the objection on the ground that it did not necessarily call for a transaction with the deceased. Her answer was, " It was paid." Subsequently she testified, " I do not claim I paid this note to the special administrator, nor to any other than A. L. Kane personally." Such being the fact, all testimony given by this witness as to the payment of the note and of personal transactions with the deceased cannot be considered to support the judgment. Such testimony comes clearly within the inhibition of the statute and the decisions

of this court thereunder. *Daniels v. Foster*, 26 Wis. 686; *Sawyer v. Choate*, 92 Wis. 533; *Murphy v. Quinn*, 99 Wis. 468; *Wollman v. Roehle*, 104 Wis. 603; *Brader v. Brader*, 110 Wis. 423.

The only other testimony tending to support the finding of payment was a small memorandum book kept by defendant and the testimony of defendant's sister Louise Warren. The book mentioned contained sundry items of debit and credit with A. L. Kane antedating the transaction in question, and an entry as follows:

"Recd. from A. L. Kane, April, '95, cash I H M E X."
Immediately following were the words and figures:

A. L. Kane, Dr.

| April. | Cash | $162 50 |
|--------|------|---------|
|  | " | 300 00 |
|  | " | 150 00 |
|  | " | 67 25 |
|  | " | 100 00 |
|  | " | 80 00 |
|  | " | 232 87 |

The witness testified that the letters above mentioned were her cost mark, and meant $926, and that the pages in this book showed an account between herself and A. L. Kane, which was all in her own handwriting except one entry made by Mr. Kane prior to the entries above set forth. This book was received in evidence, and defendant claims that this was justified by sec. 4189, Stats. 1898. It is sufficient to say that the situation comes nowhere near the requirements of that section. It was not shown that the entries were made contemporaneous with the transaction to which they are claimed to relate, nor when they were made; nor were they shown to be correct and true. So far as anything appears from the testimony of defendant, there is nothing to connect this book with the note in suit, except the statement that the letters mentioned represent the amount of the note. The testimony of Louise Warren is to

the effect that she· lived in the house with Mr. Kane; that at some indefinite time, which she says must have been before her sister died in the fall of 1896, she saw defendant and Mr. Kane have a conference, at which her sister had a book of the kind above mentioned. After the conference ended, she heard Mr. Kane say they were all settled, and that he had made a mistake, and that it was his treat and he would furnish theater tickets for all who wanted to go. Considering the above evidence in the light most favorable to defendant, we are unable to discover any circumstance that will sustain this judgment. The memorandum book was clearly not admissible in evidence, and, if it were, there is nothing on the face of it to raise a presumption that the entries therein related to the note in suit. The testimony of defendant's sister is far from convincing. The conversation she claims to have overheard may have related to other transactions, which it is conceded the parties had. She is entirely indefinite as to time. She testifies to no fact or circumstance that identifies the conversation he had with payments on this note, or with a settlement as to the amount due. She made no inquiries as to the fact, but simply says that at some indefinite time Mr. Kane assured her it was settled. For all that the testimony shows, this may have been a settlement of their mutual accounts, which resulted in a giving of the note. Upon the whole case we are obliged to conclude that the defense of payment has not been made out, and that the court's findings have no proper evidence to sustain them.

*By the Court.*— The judgment is reversed, and the cause is remanded with directions to enter judgment for the plaintiff for the amount of the note, with interest and costs.

Upon a motion for a rehearing the respondent asked that the mandate be modified so as to permit the court below to grant a new trial. The motion was denied January 7, 1902.