New Amsterdam Casualty Company, Appellant, v. Farmers Mutual Automobile Insurance Company and another, Respondents.

*December 1, 1958—January 2, 1959.*

For the appellant there was a brief by *Goodsitt & Goodsitt* of Milwaukee, and oral argument by *Jack L. Goodsitt*.

For the respondents there was a brief by *Whaley & Whaley* of Racine, and oral argument by *John V. Whaley* and *Vilas H. Whaley*.

BROADFOOT, J. The testimony of the two drivers was in direct conflict. Radke testified that in going up the grade approaching the crest of the hill he shifted his car into second gear and drove at a speed of about 10 miles an hour on his right-hand side of the highway; that he first saw the Hoffman car when it was four or five feet away, and that it was approaching in the center of the highway more on Radke's side than on Hoffman's side. He further testified that Hoffman raised both hands up off the wheel and put them in front of his face just before the collision. Radke further testified that he could not turn to the right because of a retaining wall five feet high on his right side of the road; therefore he applied his brakes and made a sharp left turn to avoid a collision.

Hoffman testified that he, too, put his car in second gear as he drove up the grade toward the crest of the hill. He estimated his speed at eight miles an hour. He saw the Radke car when it was about 60 feet away and at the time he was on his own right side of the road. He attempted to pull farther to the right but traveled only about three or four feet before the accident happened. He further testified that Radke was driving in the middle of the road; that he attempted to turn to the right and take to the ditch but did not have time to do anything before the collision.

Upon this appeal the plaintiff contends that the testimony of Hoffman was in such direct conflict with the physical

facts that it is incredible. Police officers were summoned to the scene to investigate. Photographs taken of the two automobiles were introduced in evidence. The officers testified to the retaining wall on the northerly side of the road; that the black-top was 15 feet in width; that there was a gravel shoulder three feet in width on the southerly side of the highway and there was a ditch beyond the shoulder. They also testified that they traced skid marks made by the right rear wheel of the Radke car in a direct line from the right side of the road to the center thereof or a bit over the center. The skid marks were 33 feet in length and proceeded in a straight line with no curve or turn. When they arrived the right front wheel of the Hoffman car was just over the southerly edge of the black-top and the right rear wheel was three feet northerly from the southerly edge of the black-top.

Plaintiff contends that this proves conclusively that the Hoffman car was traveling to the left of the center lane of the road because Hoffman testified that he turned to the right before the collision. Plaintiff cites *Strnad v. Co-operative Insurance Mutual*, 256 Wis. 261, 40 N. W. (2d) 552. In that case there was a collision between two automobiles approaching from opposite directions. One of the drivers was killed. The sole issue in that case was whether either or both of the parties invaded the lane of travel of the other party. This court held that the testimony of the surviving driver was in such direct conflict with the established physical facts as to be incredible and that it did not support the jury's finding that the deceased driver was negligent in respect to the position of his car on the highway. In that case the court also made the following statement (p. 273) :

"Long experience has shown that in all except in a very few cases the position of the cars and their condition after a collision has very little, if any, probative value."

The complete rule was stated in the case of *Duss v. Friess,* 225 Wis. 406, 413, 273 N. W. 547, as follows:

"While testimony which is contrary to the unquestionable physical facts properly may be rejected because of its utter improbability or impossibility, *Samulski v. Menasha Paper Co.* 147 Wis. 285, 133 N. W. 142; *Holburn v. Coombs,* 209 Wis. 556, 245 N. W. 673, and other cases cited therein, such physical facts must be of such a nature as will permit of but one reasonable inference and that contrary to the testimony rejected. If the physical facts are such that different inferences may reasonably be drawn therefrom, they are then clearly not the kind of physical facts which may be considered controlling." See also *Hennepin Transportation Co. v. Schirmers,* 2 Wis. (2d) 165, 85 N. W. (2d) 757.

In his memorandum decision the trial judge did not analyze nor review the evidence. We do not know, therefore, just what inference he drew from the physical facts. A review of the record, however, indicates that this is one of the cases where more than one reasonable inference could be drawn by the trier of the facts from the evidence. Radke testified that his car did not come to a stop immediately upon the impact but seemed to slide a little. Hoffman testified that after the accident he thought his car was pushed back some so that it was out into the road more than it was on his way up the grade. The physical facts in the case consist of the damage done to the cars and their positions on the highway after the collision. The photographs show that the Radke car struck the Hoffman car on the left front thereof. The trial court could have inferred from the angle of the collision that the Hoffman car was pushed back or that the rear end thereof swerved toward the center of the highway. At least we cannot say that the trial court could not draw such an inference therefrom.

The plaintiff further contends that Hoffman's testimony is incredible because it is in conflict with the course of nature and with common knowledge, and cites cases supporting

such a rule. By taking the distances each car traveled according to Hoffman's testimony and at the speed Hoffman testified he was traveling, plaintiff arrived at a mathematical computation that Radke must have been driving at 144 miles per hour. It makes another computation to show that Hoffman's testimony was incorrect as to the respective distances traveled by taking the comparative speeds at which Hoffman testified the two cars were traveling, and shows that Radke's car would only have traveled a distance of 14 feet while Hoffman was going three feet.

These mathematical computations have no probative value. All testimony as to speed and distances was based on estimates. Neither driver testified to an exact speed nor did either testify as to an exact distance. The skid marks made by the Radke car permitted an inference that Radke was driving faster than 10 miles an hour. That supports the trial court's finding as to speed. Radke's testimony that he did not see the Hoffman car until it was four or five feet away would have supported a finding of negligence on his part with respect to lookout, although from the distance his car traveled before the collision it is apparent that he saw the Hoffman car sooner than his testimony would indicate. The trial court preferred to find him causally negligent with respect to management and control, and the court was further justified in finding as a fact that Radke was negligent in operating his automobile to the left of the center of the highway. Certainly the collision took place at the southerly edge thereof and in Hoffman's proper lane of travel.

Plaintiff does not really challenge the finding that Radke was causally negligent but contends that error was committed in the finding that Hoffman was free from negligence. If Hoffman was causally negligent in some respect and to some degree, plaintiff would be entitled to recover. Plaintiff had the burden of so proving. Its claim that Hoffman was causally negligent is based upon the testimony of Radke and

his passengers, which obviously the trial judge did not believe, and upon inferences plaintiff draws from the physical facts. The trial judge drew different inferences therefrom and we cannot say that he was wrong.

From a review of the record we cannot find that the trial court's findings of fact were against the great weight and clear preponderance of the evidence, and, therefore, we must affirm the same.

*By the Court.*—Judgment affirmed.