AUSETH and another, Appellants, v. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY and others, Respondents.

*November 6—December 1, 1959.*

628

For the appellants there was a brief and oral argument by *Charles Saggio* of Milwaukee.

For the respondents there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Gerald A. Flanagan* and *Norman C. Skogstad* of counsel, all of Milwaukee, and oral argument by *Mr. Flanagan.*

CURRIE, J.   The plaintiffs' brief raises 11 assignments of error. We have carefully considered them and find that none have any merit other than the one to which this opinion is directed.

Donna was eleven years of age at the time of the accident. During the course of her testimony she stated that she could not cross the highway, when she arrived at the place where she intended to do so, because the traffic was then moving. She was then asked these questions and gave these answers thereto:

"*Q.* And how long did you wait there? *A.* About ten or twenty minutes.

"*Q.* And after you waited ten or twenty minutes, what happened? *A.* The man in the car closest to me motioned and said I could go."

Counsel for the defendants moved to strike this last answer as hearsay and the trial court granted such motion.

We deem this ruling constituted error because such stricken answer was material on the issue of comparative negligence, and as to such issue it was not hearsay at all. This is because it was not offered to establish the truth of what the man said, but merely that he said it. While acting on such man's statement did not relieve Donna of negligence, a jury could well conclude that she was less negligent in stepping into the eastbound traffic lane when she did than she would have been if she had not been given such assurance at all.

McCormick, Evidence, p. 460, sec. 225, defines hearsay evidence as follows:

"Hearsay evidence is testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter."

The reason why there is included in the definition the requirement that the statement be offered to establish the truth of the fact asserted, is because it is only in such a situation that it is material that the safeguards of oath, confrontation, and cross-examination should not be dispensed with. If the statement is not offered to prove the truth of the fact asserted, then the only thing material is whether the statement was made. As to that fact, there is no more objection to permitting a witness to testify as to what he heard said than as to what he may have observed, and he may be cross-examined as to both.

Such excluded evidence should have been admitted and the jury instructed that it could only consider the same in determining what percentage of the total aggregate negligence was attributable to Donna, and for no other purpose. Because the admission of such testimony might well have caused the jury to answer the comparative-negligence question more favorably to Donna than it did, the error in excluding it was prejudicial, and a new trial should be granted. We have given consideration to the question of whether the new trial should be confined to the negligence issues, or whether it should be had on the issue of damages as well, and have concluded that it should extend to all issues.

*By the Court.*—Judgment reversed, and cause remanded with directions that a new trial be had consistent with this opinion.

Martin, C. J., and Broadfoot, J., dissent.