Voigt and another, Plaintiffs and Respondents, v. Voigt and another, Defendants and Respondents: Beaton, Executrix, and another, Defendants and Appellants.

*February 3—March 3, 1964.*

576

For the defendants-appellants there were briefs by *Bender, Trump, Davidson & Godfrey* of Milwaukee, and oral argument by *Kneeland A. Godfrey* and *Thomas W. Godfrey*.

For the plaintiffs-respondents there was a brief by *Edward S. Levin,* attorney, and *John W. Emmerling* of counsel, both of Milwaukee, and oral argument by *Mr. Emmerling.*

For the defendants-respondents there was a brief by *Arnold, Murray & O'Neill* of Milwaukee, and oral argument by *James T. Murray.*

GORDON, J.

### *Introduction of Accident Report.*

The appellants contend that the trial court erred in refusing to admit into evidence the accident report which contained a statement attributable to Mr. Voigt. We conclude that the trial court properly rejected the offer of this report into evidence. The statement was taken about a half hour after the accident by Deputy Sheriff Joe Norris, who interviewed Mr. Voigt at the hospital. Norris submitted his accident report to the county sheriff's office, but he died before the trial. Under the heading "remarks," Norris reported Mr. Voigt's statement that the Voigt car slid into the west lane, into the path of the Beaton car.

The demise of the deputy sheriff before the trial effectively foreclosed Voigt's counsel from any cross-examination. It was thus impossible for counsel to test the circumstances under which the officer took the statement and the mechanics which he employed to incorporate the statement on the final report which he filed with the sheriff's department. It was also impossible to test the correctness or accuracy of the remark charged to Mr. Voigt.

The matter covered in the statement went to the heart of the issue at trial. We consider that the absence of the right to cross-examine was critical. We have carefully considered sec. 327.18, Stats. (official records of public officers), and sec. 327.25 (business entries in the usual course of business), and we are persuaded that neither of these sections authorizes the admissibility of the report when objection is made as it was in the instant case.

*The Court's Instructions.*

There are two main objections by the appellants regarding the court's instructions. One relates to the side of the road on which the accident happened, and the other relates to the burden of proof.

With reference to the location of the accident, the court gave an instruction which related to the prospect of the Beaton car being on the wrong side of the road. No similar instruction was given to the prospect that the Voigt car may have been on the wrong side of the highway. The following instruction on this subject was given by the trial court:

*"If you find that Mr. Beaton's car was on the wrong side of the highway* at the time of the collision, then he was negligent as to his position on the highway unless you also find that there was an explanation satisfactory to you for his being on the wrong side of the highway. The burden of proof is upon the Defendants, Thomas P. Beaton, to produce evidence which would overcome the inference of negligence arising from the fact that the Beaton automobile was on the wrong side of the highway, *if you find that it was on the wrong side of the highway."* (Emphasis added.)

There was no oral testimony from the witnesses which would have required the submission of an alternative instruction designed to invite the jury to consider whether the accident took place in the southbound lane. We recognize that the trial court had excluded from evidence (and properly so) the deputy sheriff's report which placed the accident on the southbound lane. Nevertheless, the physical facts, in our opinion, warranted the alternative submission.

In *Strnad v. Co-operative Ins. Mutual* (1949), 256 Wis. 261, 273, 40 N. W. (2d) 552, we stated:

"Long experience has shown that in all except in a very few cases the position of the cars and their condition after a collision has very little, if any, probative value."

*Carstensen v. Faber* (1962), 17 Wis. (2d) 242, 116 N. W. (2d) 161; *New Amsterdam Casualty Co. v. Farmers Mut. Automobile Ins. Co.* (1959), 5 Wis. (2d) 646, 94 N. W. (2d) 175. The position of the cars after the accident, therefore, would probably not have been sufficient by itself to have contradicted the oral testimony.

However, the fact that the northbound Voigt car was struck on its *right* side by the southbound Beaton car presents a physical circumstance which in this case justified letting the jury weigh the question as to where the accident happened.

In *Evjen v. Packer City Transit Line* (1960), 9 Wis. (2d) 153, 161, 100 N. W. (2d) 580, we held that where there are conflicting inferences that may be drawn from credible evidence, it is up to the jury to draw the proper inferences. This is true even though one of the inferences may be drawn from the physical facts not supported by oral testimony. In *Pagel v. Holewinski* (1960), 11 Wis. (2d) 634, 641, 106 N. W. (2d) 425, we stated:

> "Strong reasons of public policy support the rule that a jury may reject the testimony of an eyewitness and base a finding of negligence on a conflicting reasonable inference deduced from the physical facts."

Having thus concluded that the trial court should have given instructions relative to either driver invading the lane of the other, we must resolve whether the failure to do so in the instant case was prejudicial. We conclude it was not prejudicial. The italicized portions of the instruction quoted above demonstrate that the trial court did not purport to tell the jury where the accident occurred. The expression "if you find that Mr. Beaton's car was on the wrong side of the highway" appears twice in the instruction, and we believe that this made it reasonably clear to the jurors that they were free to determine on which side of the road the accident happened.

This jury was further instructed on the subject of physical facts which could not be reconciled with the testimony. The following instruction was given, and it further supports our conclusion that the error was not prejudicial:

"If you find that a witness testified contrary to physical facts unquestionably established by the evidence, and if you find that such testimony cannot be reconciled with such established physical facts, then you should disregard such testimony. However, the testimony of a witness is not overcome by physical facts, unless such facts are established beyond any reasonable ground for doubt, and they admit only of a conclusion unquestionably contradicting such testimony."

We also note that appellants' counsel was permitted to cross-examine Mr. Voigt relative to the statement contained on the deputy sheriff's report in which the Voigt car is placed on the wrong side of the highway. While the written statement was not admitted into evidence, the jury nevertheless was fully aware of the appellants' contention that Mr. Voigt had previously made this admission.

The appellants also complain that the trial court erred in regard to its instruction on the burden of proof. The challenged instruction provided as follows:

"Members of the Jury, you are instructed that skidding of a motor vehicle may occur without fault, and when it does occur, it may likewise continue without fault for a considerable space and time. It results in partial or complete loss of control of the motor vehicle under circumstances not necessarily implying negligence. Having lost control of the motor vehicle through skidding, the driver is not responsible for what happened thereafter, unless he was guilty of negligence which contributed to the loss of control.

"Where the icy or slippery condition of a road increases the danger of travel, and the driver is, or ought to be, aware of such condition, then he is required to exercise a degree of care commensurate with such circumstances.

"*This rule* does not apply if the driver knew or in the exercise of ordinary care should have known of such slippery condition a sufficient length of time before the accident to take proper precautions so as to have his vehicle under control.

"The burden of going forward with evidence to prove *such condition* is upon the driver, Thomas P. Beaton, claiming it." (Emphasis added.)

The appellants' principal objection to this instruction is that it improperly shifts the burden of proof to Beaton. For reasons which we will discuss in the last section of this opinion, we find no merit in this contention.

There is a lack of complete clarity in the language of the instructions quoted above. We have italicized the words "this rule" and "such condition;" we are of the opinion that there is uncertainty as to which "rule" and which "condition" is being referred to. We do not, however, consider this vagueness to be of sufficient seriousness to invalidate the instructions.

### The Negligence of Beaton.

Perhaps the main thrust of this appeal is the appellants' contention that if Beaton skidded from his southbound lane to Voigt's northbound lane, there is no proof that such skidding was other than innocent. The appellants recognize that if Beaton entered the wrong side of the highway, there is created an inference of negligence. However, they cite authority for the proposition that skidding may be nonnegligent, and they urge that it has not been proved that Beaton committed any negligent act. Having adduced testimony by Mr. Voigt and his passenger that the Beaton car *skidded* into the northbound lane, the appellants believe they are home free. We do not agree with their analysis.

First, let us dispose of the matter of the presumption of due care which must be accorded to a deceased party. Since Beaton died instantly at the time of the collision, he is entitled to this *limited* presumption. In *Theisen v. Milwaukee Automobile Mut. Ins. Co.* (1962), 18 Wis. (2d) 91, 100, 118 N. W. (2d) 140, we stated:

"This presumption is a limited one, is not evidence, and is sufficient only to place upon the other party the risk incidental to a failure to come forward with such testimony as may be in his control. . . . This court is committed to the doctrine that when evidence is introduced which would support a jury finding contrary to the presumption, the presumption is eliminated and drops out of the case entirely and no instruction to the jury should be given upon the subject."

Once testimony was received that Beaton's car invaded the wrong lane of travel, there arose an inference of negligence which eliminated the presumption of due care.

A crucial question in this appeal is this: Upon whom does the duty rest to establish the negligent or nonnegligent nature of the invasion of the wrong lane of travel? In our opinion, this question has been answered in *Theisen v. Milwaukee Automobile Mut. Ins. Co., supra,* and *Goldenberg v. Daane* (1961), 13 Wis. (2d) 98, 108 N. W. (2d) 187. In the *Theisen Case,* we dealt with the problem of a sleeping driver who crossed over into the wrong side of the highway and struck a tree. We said that it was the duty of the party claiming that the driver fell asleep to establish such fact by evidence which was either direct or arose by inference; we then stated (p. 99) that "such evidence casts a burden upon the party seeking to excuse the driver's loss of consciousness— the burden of showing the greater probability that the loss of consciousness is excusable on some nonactionable basis."

In *Goldenberg v. Daane* (1961), 13 Wis. (2d) 98, 104, 108 N. W. (2d) 187, we said:

"The court considered that it should have instructed the jury that Daane had the burden of producing evidence which would overcome the inference of negligence arising from the fact that his vehicle was on the wrong side of the highway. Daane did have the burden of producing evidence sufficient to support a finding that his invasion of the west side of the highway was due to a nonnegligent cause."

The end product of the *Theisen* and *Goldenberg Cases* is this: One who invades the wrong side of the highway may be able to relieve himself of the inference of negligence, but the responsibility rests upon him to do so. For example, an ostensibly "sleeping driver" may be shown to have suffered a heart attack; one whose car suddenly swerves into the opposite lane may succeed in proving that there was a mechanical failure (*e.g.*, a blowout). The inference of negligence when one invades the wrong lane is a vigorous one; the inference is not dissipated unless the driver so invading the wrong lane proves that he was without fault.

We do not hereby revise the rule that an injured plaintiff has the burden of proving that the defendant driver was negligent. However, once having introduced evidence that the defendant driver crossed into the wrong lane, the defendant driver has the burden of going forward with evidence to prove that such invasion was nonnegligent.

Accordingly, the mere fact that Beaton may have skidded into the wrong lane does not relieve him of the burden of going forward to show that he was exercising ordinary care. We appreciate that when the one invading the wrong lane dies in the collision, the ability to prove his use of due care is seriously hampered. The problem of proof, however, remains the responsibility of his representative and his insurer. The jury's assessment of 90 percent of the blame on Beaton rests upon credible evidence and must be affirmed.

The appellants contend that our holding in *Poole v. State Farm Mut. Automobile Ins. Co.* (1959), 7 Wis. (2d) 65,

70, 95 N. W. (2d) 799, warrants the conclusion that an absence of testimony as to the cause of skidding would cause the injured party's case to fail. Insofar as the *Poole Case* conveyed this impression, it must be deemed modified by this opinion.

*By the Court.*—Judgment affirmed.

Currie, C. J., dissents.