SMITH, Appellant, v. MILWAUKEE & SUBURBAN TRANSPORT CORPORATION, Respondent.

*November 29, 1966—January 3, 1967.*

For the appellant there was a brief and oral argument by *H. R. George* of Milwaukee.

For the respondent there was a brief by *Kivett & Kasdorf,* attorneys, and *Kenton E. Kilmer* of counsel, all of Milwaukee, and oral argument by *Mr. Kilmer.*

CURRIE, C. J.   The issue on this appeal is whether the trial court's ruling in admitting certain evidence constituted prejudicial error which requires that a new trial be directed.

Plaintiff, age fifty-one, testified that she attempted to board one of defendant's buses between 10 and 10:20 a. m. on November 20, 1964, near the corner of Plankinton and

Wisconsin avenues; and that there was a patch of snow on the bottom step of the bus which caused her to slip and fall thereby injuring her right knee.

Defendant's defense was that plaintiff had not fallen because of a slippery bus step but instead had slipped and fallen on the slippery sidewalk. In support of this defense defendant first called Irene Tiedemann, a clerk-typist employed in defendant's claim department. She testified in substance as follows: When a claim is reported she takes the report on a form which is subsequently affixed to a "claim file." She identified Exhibit 6 as the claim file relating to plaintiff's accident. Such a file was stated to be a record kept "in the ordinary course of business" and entries therein were said to be made "within a reasonable time after the occurrence." The first entry in the file, dated April 28, 1965, reflected the receipt of the summons and complaint of plaintiff. The file did not contain an accident report from plaintiff or from any bus operator prior to that date.[1] A tracer was sent out in an attempt to locate the operator of the bus, from which plaintiff allegedly slipped. After the tracer report came back it was signed by Mr. Toebe [defendant's division superintendent]. Six operators had been contacted. The witness was then asked whether any of these six operators had knowledge of the accident but an objection to the question and the answer "No" thereto was sustained on the ground that the answer was hearsay. Exhibit 6 was not offered in evidence.

Mr. Toebe was then called as a witness by defendant. He had an "investigation sheet" in his hand and over objection by plaintiff's counsel was permitted to testify by refreshing his memory from the sheet. Toebe testi-

---

[1] While no objection was made to this testimony that this business record of defendant showed no report of accident, this testimony would appear to be admissible under the holding in *Scalzo v. Marsh* (1961), 13 Wis. (2d) 126, 136, 108 N. W. (2d) 163. See also 5 Wigmore, Evidence (3d ed.), pp. 392, 393, sec. 1531.

fied that six bus operators were questioned by him and that each denied any knowledge of plaintiff's claimed fall. This investigation obviously took place subsequent to receipt of the summons and complaint on April 28, 1965. The investigation sheet, which is part of the claim file (Exhibit 6), was offered and received in evidence as Exhibit 7.

The trial court's ruling, which is the subject of attack on this appeal, is the admission of Toebe's testimony that each of the six bus drivers had denied any knowledge of plaintiff's claimed accident, and the admission of Exhibit 7. The objection thereto made by plaintiff's counsel was framed as follows:

*"Mr. George:* Your Honor, we would like to enter the objection. These drivers are available to the Transport Company, could be produced to testify, and I think that this exceeds the business entry rule, where this gentleman is here testifying as to what the drivers told him. We think that this testimony should not be permitted and that the Transport Company should produce the drivers at this trial and let them testify as to whatever their claims are in this matter."

The evidence admitted over this objection is clearly hearsay. The only basis on which defendant attempts to sustain the trial court's ruling is that this evidence was admissible as an exception to the hearsay rule embodied in the business-records statute, sec. 889.25 (formerly sec. 327.25), Stats. This statute provides:

"Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of such act, transaction, occurrence or event, if the custodian or other qualified witness testifies to its identity and mode of preparation, and if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record *at the time of such act, transaction, occurrence or event or within a reasonable time thereafter.* All other circumstances of the making of such

writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility. The term 'business' as used in this section, includes business, profession, occupation and calling of every kind." (Italics supplied.) [2]

For the purpose of this appeal we shall assume, without deciding, that defendant's investigation report, if it had been made within a reasonable time of plaintiff's accident, would qualify as a business record under the statute.[3] In any event the instant record cannot qualify under the statute because it was not made within a reasonable time of the "act, transaction, occurrence or event." [4] The occurrence or event sought to be proved or disproved by the admission of this evidence was not the belated reports which the bus operators made to Toebe but plaintiff's accident which had occurred approximately six months prior thereto. It is clear that the recorded recollections of the six bus drivers do not meet the condi-

[2] The history of the statute as an exception to the hearsay rule is set out in *Rupp v. Travelers Indemnity Co.* (1962), 17 Wis. (2d) 16, 115 N. W. (2d) 612, and in an extensive article entitled "Admissibility of Business Entries," Skogstad and Koppa, 1958 Wisconsin Law Review, 245.

[3] The United States supreme court in *Palmer v. Hoffman* (1943), 318 U. S. 109, 63 Sup. Ct. 477, 87 L. Ed. 645, 144 A. L. R. 719, held that a record made by a railroad company of a report of an accident by an employee did not qualify as a business record under the federal business records act (28 USCA, sec. 695) because it was "not a record made for the systematic conduct of the business as a business" but rather a record made with a view to litigation. For comments on this decision see, Morgan, The Law of Evidence 1941–1945, 59 Harvard Law Review (1946), 481, 566. Maguire, Evidence: Common Sense and Common Law (1947), 156 *et seq.;* Note 43 Columbia Law Review (1943), 392.

[4] For cases citing the requirement of contemporaneousness, see *Rupp v. Travelers Indemnity Co., supra,* footnote 2; *Markgraf v. Columbia Bank of Lodi* (1931), 203 Wis. 429, 233 N. W. 782; *Milwaukee Trust Co. v. Warren* (1902), 112 Wis. 505, 87 N. W. 801; *Kelley v. Crawford* (1901), 112 Wis. 368, 88 N. W. 296.

tion of contemporaneity required by sec. 889.25, Stats. While it is true that such recollections were recorded by Toebe either when they were made or shortly thereafter, and to that extent were contemporaneously recorded, they nevertheless related to an event which took place some six months before. To be admissible under sec. 889.25, the statements would have had to have been recorded contemporaneously with the accident which we determine to be the referent of the terms "act, transaction, occurrence or event." Wigmore quotes with approval the following statement appearing in the English case of *Jones v. Long:* [5]

" 'The entry need not be made exactly at the time of the occurrence; it suffices if it be within a reasonable time, so that it may appear to have taken place *while the memory of the fact was recent, or the source from which a knowledge of it was derived, unimpaired . . . .' "* (Emphasis supplied.) [6]

McCormick further points out that the customary accuracy of business records is one of the bases for the business records exception to the hearsay rule and ". . . the reliability of any system of business records depends largely upon the promptness with which transactions are recorded." [7]

A further reason exists why the instant business record, or any testimony by Toebe as to what the record contained, should have been excluded. This is the fact that the entries in the record were made after litigation had been instituted and there existed the possible motive of creating a self-serving record. Thus the element of reliability of such a business record was absent. We deem apposite the following statement by Morgan: "There are statements in some opinions that the entrant must have

---

[5] (1834), 3 Watts 326.

[6] 5 Wigmore, Evidence (3d ed.), p. 405, sec. 1550.

[7] McCormick, Evidence (hornbook series), p. 601, sec. 285.

had no motive to falsify, and doubtless where such a motive appears the entry must be rejected." [8]

Defendant has advanced the alternative contention that even if the ruling under attack was erroneous it was not prejudicial. The gist of defendant's argument is that there was such strong evidence in the record tending to show that plaintiff had slipped and fallen on the sidewalk that the erroneously admitted evidence as to what the six operators had reported to Toebe is not likely to have affected the jury's verdict. Defendant particularly stresses the testimony of Mrs. Delaney and a notation in the records of Dr. Rose.

Mrs. Delaney, an employee of the Milwaukee department of public welfare, testified after refreshing her memory from her records that plaintiff had told her that "she [the plaintiff] fell on the street and broke her leg." Dr. Rose, a physician who had attended plaintiff, produced his office record relating to plaintiff which contained a notation that plaintiff "fell today downtown on slippery sidewalk . . . trying to mount bus."

It was undisputed that plaintiff fell on the sidewalk. What was disputed was whether the slipping which precipitated the fall occurred on the sidewalk or on the bus step. Thus the aforequoted notation in Dr. Rose's records was not particularly damaging to plaintiff. Mrs. Delaney's testimony, on the other hand, may well have been because of the absence of any mention of attempting to board a bus. However, this does not rule out the probability that the evidence of what the bus drivers reported to Toebe may have been equally effective with the jury.

We conclude that the admission of Exhibit 7, and Toebe's testimony of what the exhibit contained with respect to that which each of six bus operators had reported to him, constituted prejudicial error and that a new trial must therefore be directed. The new trial will

[8] Morgan, Basic Problems of Evidence (1962), p. 307; see also 5 Wigmore, Evidence, p. 375, sec. 1527.

extend to all issues including damages because of the jury's failure to find any damages for plaintiff's pain and suffering or loss of wages.

*By the Court.*—Judgment reversed, and cause remanded for a new trial consistent with this opinion.