**Cathleen GEEHAN, Plaintiff-Appellee,**

v.

**Richard S. MONAHAN, Defendant-Appellant.**

**No. 15950.**

United States Court of Appeals
Seventh Circuit.

July 6, 1967.

Suel O. Arnold, Milwaukee, Wis., Arnold, Murray & O'Neill, Milwaukee, Wis., of counsel, for appellant.

Charles M. Hanratty, Irving D. Gaines, Milwaukee, Wis., David A. Saichek, Milwaukee, Wis., of counsel, for appellee.

Before SCHNACKENBERG, CASTLE and FAIRCHILD, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Richard S. Monahan, defendant, has appealed from a judgment of the United States District Court for the Eastern District of Wisconsin entered April 21, 1966, against him and in favor of Cathleen Geehan, plaintiff, for $46,237.66 and costs, based on a jury verdict.

Plaintiff originally filed her complaint in the District Court of the United States for the Eastern District of Virginia, but, when defendant's answer denied an allegation of the complaint that she was a resident and citizen of Virginia and stated that she was a resident and citizen of Wisconsin, the Virginia federal court entered an order on September 10, 1963, which read:

Upon consideration of the pleadings in the above-styled matter, and after

hearing counsel, it appearing to the Court that the plaintiff did not establish such residence under Title 28, United States Code, § 1391(a), as to permit her to bring suit in this District; and

*It further appearing to the Court that counsel, in view of the foregoing, have agreed that the action be transferred to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division;* it is [italics supplied]

ORDERED that Civil Action No. 2933 be, and it hereby is, transferred to the United States District Court for the Eastern District of Wisconsin, Milwaukee Division, for such further proceedings as that court deems proper. Title 28, United States Code, § 1404(a).

The Clerk is directed to mail certified copies hereof to the plaintiff and the defendant, and shall forthwith mail all of the files in Civil Action No. 2933 to the Clerk of the United States District Court for the Eastern District of Wisconsin, Milwaukee Division.

September 10, 1963

/s/ Oren R. Lewis

United States District Judge

A copy of the foregoing order was filed in the Wisconsin court on September 12, 1963, and is a part of the record on appeal herein.

1. In this appeal defendant contends that the trial court in Wisconsin did not have jurisdiction over the subject matter of the action. He cites the facts that plaintiff originally alleged in her complaint, which she filed in the federal court in Virginia, that she was a citizen of that state and that defendant was a citizen of the District of Columbia, and that defendant denied plaintiff's allegation as to his citizenship but alleged that he was a citizen of the state of New York, living in a student's dormitory in the District of Columbia.

While defendant moved in the district court in Wisconsin to retransfer the case to the Virginia federal court, which motion was denied, that action was consistent with the view which we take of the validity of the order of the Virginia federal court above-quoted. While the order refers to 28 U.S.C. § 1404(a), which reads,

(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

it is sustainable only under § 1406(a), which provides:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have have been brought.

The mere fact that the court cited an irrelevant section of an act rather than a relevant one is no basis for invalidating its action.

Neither party to an action can be heard to impugn an order to which that party agreed at the time of its entry. Such was the order of September 10, 1963, which expressly recites that "counsel * * * have agreed that the action be transferred," to the federal court in Wisconsin. We hold that it is a general rule that an agreed order is impregnable to attack by either side. No reason has been presented to exempt this order from the general rule.

By her second amended complaint dated June 14, 1965, plaintiff clearly asserted citizenship in Wisconsin and that of defendant in New York.

2. At the beginning of the trial on April 18, 1966, in the federal court in Milwaukee, Wisconsin, the court ruled that "Wisconsin substantive law will apply." However defendant urges that the law of Virginia in that respect applied, citing, inter alia, Van Dusen v. Barrack, 376 U.S. 612, 642, 84 S.Ct. 805, 822, 11 L.Ed.2d 945 (1964):

"Since in this case the transferee district court must under § 1404(a) apply the laws of the State of the transferor district court, it follows in our

view that Rule 17(b) must be interpreted similarly so that the capacity to sue will also be governed by the laws of the transferor State. * * *" [1]

and, at 643, 84 S.Ct. at 823, the Supreme Court said:

"The holding that a § 1404(a) transfer would not alter the state law to be applied does not dispose of the question of whether the proposed transfer can be justified when measured against the relevant criteria of convenience and fairness. * * *"

Having in mind our comment that, in making the transfer, the Virginia federal district court improperly cited § 1404(a), when § 1406(a) was applicable, we consider as inapplicable to the case at bar the statements in *Van Dusen,* quoted above, and also at 639, 84 S.Ct. at 821, which reads:

"* * * A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms."

and, at 646, 84 S.Ct. at 824, the following:

"* * * We have concluded, however, that the District Court ignored certain considerations which might well have been more clearly appraised and might have been considered controlling had not that court assumed that even after transfer to Massachusetts the transferee District Court would be free to decide that the law of its State might apply. * * *"

In other words, *Van Dusen* recognized that, under a § 1404(a) transfer, the law of the transferring jurisdiction follows the case.

3. Under the Erie Railroad v. Tompkins doctrine,[2] the district court herein, having accepted the law of Wisconsin as applicable to this case, was guided as to Wisconsin policy in a conflict of laws situation (Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)), by the case of Wilcox v. Wilcox, 26 Wis.2d 617, 634, 133 N.W.2d 408, 416 (1965). In *Wilcox,* plaintiffs, husband and wife, Wisconsin residents, were involved in an automobile accident in Nebraska, while the husband was driving. The wife, who sued her husband, was a passenger. The suit was brought in Wisconsin and the husband's liability insurer was named as a co-defendant. Because the complaint alleged only ordinary negligence, the trial court, following the law of Nebraska, sustained a demurrer to the complaint. The guest statute of Nebraska allows recovery from a host by a guest only if gross negligence or intoxication of the host is pleaded and proved. But the complaint alleged that both plaintiff and defendant were domiciled in Wisconsin and that their insurance carrier was organized, licensed and domiciled in that state and that the policy on the car was issued and delivered in Wisconsin to afford coverage on Wilcox's automobile, which was usually kept in Wisconsin. The accident occurred when the Wilcoxes were returning to Wisconsin from a vacation.

The trial judge sustained the demurrer under the existing rule that the place of the tort is the law of the case irrespective of the forum, residence of the parties, or other factors.

However, on appeal, the Supreme Court of Wisconsin adopted a "grouping of contacts" rule for the choice of applicable law, and decided that Wisconsin host-guest law, under which a guest can recover for the host's negligence, should be applied in an action for damages arising from an accident which occurred in Nebraska.

It is true that, in the *Wilcox* case, the parties had a greater number of significant contacts with Wisconsin than

---

1. Title 28, U.S.C., Federal Rules of Civil Procedure, Rule 17(b):
   (b) * * * The capacity of an individual, * * * to sue or be sued shall be determined by the law of his domicile. * * *

2. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938).

do the parties in the present case. The Wisconsin court did, however, state a general rule on page 634, on page 416 of 133 N.W.2d, as follows:

" * * * We start with the premise that if the forum state is concerned it will not favor the application of a rule of law *repugnant to its own policies,* and that the law of the forum should presumptively apply unless it becomes clear that nonforum contacts are of the greater significance. * * * "

■ In the case now before us Wisconsin is the forum state. It is concerned because the plaintiff is domiciled there. It is not clear that nonforum contacts, i. e. in New York or Virginia, are of greater significance with respect to the host-guest relationship. We, therefore, interpret *Wilcox* as requiring that Wisconsin host-guest law be applied in this case.

■ 4. During the voir dire examination of veniremen, plaintiff's attorney asked prospective jurors the following question:

"Now, members of the jury, if you are satisfied from the evidence, including the medical evidence, that will be introduced in this trial, that the plaintiff has sustained serious and permanent personal injuries, would you have any hesitancy of returning a verdict commensurate with the injuries you find she has, even though it might run many thousands of dollars?"

Defense counsel objected upon the ground that the question improperly asked for a "pledge" from the jury, but was overruled by the court.

Such a question is generally permitted in the discretion of the court. We see no basis for the objection. See Murphy v. Lindahl, 24 Ill.App.2d 461, 165 N.E.2d 340, 82 A.L.R.2d 1410 (1960).

Moreover, defendant has not attempted to show any prejudice resulting from the asking of the foregoing question. Defendant makes no contention that the damages allowed by the jury are excessive.

■ 5. When called adversely by the plaintiff as a witness, defendant testified he did not remember the actual collision as he was knocked unconscious as a result thereof. Defendant requested that the court instruct the jury that

" * * * where a motorist receives injuries in an accident which result in amnesia as to the events leading up to the accident, the motorist is entitled to the benefit of the presumption that he exercised due care for his own safety until there is competent evidence to overcome that presumption."

However, the court, over the objection of defendant, gave the jury a *res ipsa loquitur* instruction, which was repeated at the request of the jury. Under that instruction the jury was told:

" * * * If you find that the defendant, Richard S. Monahan, had exclusive control of the Volkswagen automobile involved in the accident, and if you also find that his automobile invaded the opposite lane of traffic and that this invasion is the type or kind of invasion that ordinarily would not have occurred had defendant, Richard S. Monahan, exercised ordinary care, then you may infer from the occurrence itself and the surrounding circumstances that there was negligence on the part of the defendant unless the defendant has offered to you an explanation of the occurrence which is satisfactory to you."

We hold that the district court properly refused the proffered instruction on retrograde amnesia and did not err in instructing the jury on *res ipsa loquitur.* In Brunette v. Dade, 25 Wis.2d 617, 131 N.W.2d 340 (1964), where plaintiff, driving a motorcycle, collided with defendant's automobile, and the jury found plaintiff 60% negligent, the court, at 622, at 342 of 131 N.W.2d, citing an earlier case, said:

" 'This court is committed to the doctrine that where in a negligence case evidence is introduced which would support a jury finding contrary to the presumption that a deceased person

or one who has suffered amnesia exercised due care for his own safety the presumption is eliminated and drops out of the case entirely and no instruction upon that subject should be given to the jury.' "

In Voigt v. Voigt, 22 Wis.2d 573, 126 N.W.2d 543 (1964), the court at 583, at 548 of 126 N.W.2d stated:

"Once testimony was received that Beaton's car invaded the wrong lane of travel, there arose an inference of negligence which eliminated the presumption of due care."

6. We find no error, as charged by defendant, in the trial court's action in permitting plaintiff's counsel to ask defense witness Larsen whether he had been reimbursed for his injuries.

For all of these reasons, the judgment from which this appeal was taken is affirmed.

Judgment affirmed.