WILDER, Appellant, v. CLASSIFIED RISK INSURANCE COMPANY and another, Respondents.

*No. 263.   Argued April 28, 1970.—Decided June 2, 1970.*
(Also reported in 177 N. W. 2d 109.)

For the appellant there was a brief and oral argument by *S. A. Schapiro* of Milwaukee.

For the respondents there was a brief by *Giffin, Simarski, Goodrich & Brennan,* attorneys, and *James P. Brennan* of counsel, all of Milwaukee, and oral argument by *James P. Brennan.*

HALLOWS, C. J.   The issue on appeal is whether the police traffic-accident report including statements at-

tributed to witnesses of the accident is admissible in evidence. Officer Eddie Norris who investigated the accident took statements from defendant Campbell, his passenger Donald Walker, and Elizabeth Williams, a witness. Officer Albert Gordon took a statement from Donald Walker and from two other witnesses Joseph Gross and Ennis Smith. During the trial, Officer Norris was allowed to testify concerning the statements made to him by Campbell, Walker and Williams and that he made an official traffic-accident report and in doing so he relied upon the statements made by Joseph Gross and Ennis Smith to his fellow-officer Gordon. Without objection Officer Norris was allowed to testify to what Gross had stated to Officer Gordon and over objection to what Smith had stated to Officer Gordon. In both instances he read Officer Gordon's account of what these witnesses told him. Officer Norris was also allowed to testify in effect to his conclusion of how the accident happened, as was stated in his report.

Later, the court, upon request of counsel for Wilder, instructed the jury that the statements of Gross, Smith, Williams, and Walker were received in evidence only to show these statements were made and not as proof of the facts therein. The report including these written statements was admitted into evidence and the jury was allowed over objection to take them into the jury room during its deliberation.

It has been a rule of some standing in this state that a police traffic report of an accident made by a traffic officer in the line of duty is not admissible in evidence as to those factual matters therein stated which are based on hearsay. Likewise, a conclusion in the report of the traffic officer is inadmissible. A police traffic report, even as to conclusions and hearsay statements, would be admitted in evidence as an official record un-

der sec. 889.18, Stats.,[1] formerly sec. 327.18 (1), if this statute were literally construed because it is a public report made by a public official pursuant to law. But it was early held in *Jacobson v. Bryan* (1944), 244 Wis. 359, 12 N. W. 2d 789, that this section did not make admissible hearsay or conclusions of nonexperts under the guise of being an official record. The court stated that this section did not make admissible in evidence any matter to which the officer who made the report could not testify upon the witness stand.

This doctrine was affirmed in *Estate of Eannelli* (1955), 269 Wis. 192, 212, 68 N. W. 2d 791, which held an official coroner's certificate of death was admissible in evidence under sec. 889.18, Stats. Against the objection that the certificate contained hearsay evidence as to the time of death, the court applied sec. 891.09 (1), then sec. 328.09 (1), which expressly provides that a death record of the state bureau of vital statistics shall be received as presumptive evidence of the death so recorded. Generally, under sec. 889.18 matters appearing therein founded upon hearsay are admissible, but this court has made a qualification for traffic-accident reports. In *Novakofski v. State Farm Mut. Automobile Ins. Co.* (1967), 34 Wis. 2d 154, 148 N. W. 2d 714, we stated a police report qualified as an official record but was limited in that the conclusion as to the cause of death was a medical conclusion by a lay police officer grounded upon hearsay and was inadmissible. In *Voigt*

[1] "889.18 **Official records.** (1) As EVIDENCE. Every official record, report or certificate made by any public officer, pursuant to law, is evidence of the facts which are therein stated and which are required or permitted to be by such officer recorded, reported or certified, except that the record by the county clerk of license or certificate under s. 147.23 or 153.05 [Stats. 1941] shall not be evidence on behalf of the licensee or certificate holder without production of the license or certificate or competent evidence from the board or body that issued the same."

*v. Voigt* (1964), 22 Wis. 2d 573, 126 N. W. 2d 543, we inferred a police accident report was an official record under sec. 889.18 but the report was inadmissible because the officer was dead at the time of trial and thus could not be cross-examined concerning a statement he took from Mr. Voigt at the hospital to the effect his car slid into the path of the other car. It would have been better to have based the exclusion on the ground the statement was hearsay because the full application of official-records doctrine admits hearsay—that is the purpose of the exception. It is a bit misleading to state a police traffic-accident report is a public document under sec. 889.18 and then to limit its admissibility to only those facts of which the report maker has personal knowledge, *i.e.*, measurements and observations, etc. However, that is the result of *Smith v. Rural Mut. Ins. Co.* (1963), 20 Wis. 2d 592, 123 N. W. 2d 496. As to such facts a traffic-accident report is admissible without the testimony of the officer making the report. The death of the officer would not make such part of the report inadmissible and anything to the contrary in *Voigt v. Voigt, supra,* is withdrawn.

The testimony of Officer Norris of statements attributed to Gross was inadmissible but since it was not objected to it was not error. However, the testimony relating to Smith was objected to and since it constituted hearsay in the report, it should neither have been read nor the report admitted in evidence to that extent. Its admission is not justified on the ground Officer Norris relied on the statement in making his report and conclusion of how the accident happened because his conclusion was not admissible.

The statement of Smith was prejudicial because it stated that Wilder staggered and fell backwards against the passing car driven by Campbell. This account puts more blame on Wilder than if he had been struck while normally walking alongside the parked car. It was im-

proper to get the conclusion of how the accident happened based upon this statement in evidence by framing a question containing such information and then asking the officer whether he wrote that conclusion in the report to explain a diagram contained therein. This question was objected to and overruled. The question was an attempt to get the inadmissible contents of the report into evidence by indirection. Diagrams made a part of a police report are governed by the same rules as the report. *See: Police Accident Reports,* 43 Cal. State Bar Journal (1968), p. 711; *Official Written Statements,* 30 Montana L. Rev. (1969), 227.

It was error for the court to instruct the jury the hearsay statements were not admissible to prove the truth of the facts therein stated but only that the declarer made the statement. For this purpose, the statements were wholly immaterial and irrelevant because there was no issue concerning whether or not Williams, Smith, and Gross made or did not make a statement to a police officer. Counsel apparently relied upon *Auseth v. Farmers Mut. Automobile Ins. Co.* (1959), 8 Wis. 2d 627, 630, 99 N. W. 2d 700, but this case does not stand for the proposition that a statement which is hearsay to prove the facts therein contained may be admitted to prove that the statement was made. In *Auseth* there was an issue of whether an autoist said something to a child waiting across the street. The statement there was admissible not to prove it was safe to cross the street but to prove that an autoist did make a statement to the child; because if made, it was material in the evaluation of the degree of the child's negligence, which was in issue. Unless there is such an issue of whether a statement was in fact made, the hearsay statement should not be admissible because it is immaterial and there is great danger the jury, in spite of instructions, will use the hearsay evidence as proof of what the statement says.

It was also error to allow the written report containing the inadmissible parts to be taken into the jury room. Those parts of a report which are inadmissible should be kept from the jury and cannot be justified on the ground that part of the record was admitted.

It is claimed the statements of the witnesses to the accident were admissible as part of the *res gestae*. This is an erroneous basis for their admissibility. The facts do not sustain *res gestae*. The statements may have been somewhat contemporaneous with the accident but they did not constitute a *res gestae* exception to the hearsay rule. Normally, the doctrine does not apply to mine-run witnesses because they are not under any "stress of a nervous excitement caused by his perception of the event or condition which the statement narrates or describes or explains." It must be shown that the statement was made so spontaneously or under such psychological or physical pressure or excitement that the rational mind could not interpose itself between the spontaneous statement or utterance stimulated by the event and the event itself. The psychological basis for the *res gestae* exception is that people instinctively tell the truth but when they have time to stop and think they may lie. *Rudzinski v. Warner Theatres* (1962), 16 Wis. 2d 241, 114 N. W. 2d 466; *Cossette v. Lepp* (1968), 38 Wis. 2d 392, 157 N. W. 2d 629.

It is argued the police reports should be admitted under the business-record statute, sec. 889.25,[2] formerly

[2] "889.25 **Business records as evidence.** Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible as evidence of such act, transaction, occurrence or event, if the custodian or other qualified witness testifies to its identity and mode of preparation, and if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter. All other circumstances of the making of such

sec. 327.25, as an exception to the hearsay rule. The history of this section as an exception to the hearsay rule was set out in *Rupp v. Travelers Indemnity Co.* (1962), 17 Wis. 2d 16, 115 N. W. 2d 612. *See also Smith v. Milwaukee & Suburban Transport Corp.* (1967), 33 Wis. 2d 269, 147 N. W. 2d 233 (accident report made by employees of a transportation company). We do not think the business-entry statute was intended to serve as a vehicle for the admission of an investigational report by the police. Although investigational reports are prepared in the ordinary course of a police officer's duty, they are not an integral part of a larger transaction or business. While the statute makes any writing or record of occurrence or event admissible as evidence of such occurrence or event, the "regular course of any business" does not refer to law enforcement.

The basis for allowing the business-entry rule as an exception to the hearsay rule does not exist in the case of police reports. In business as in hospitals, the persons making the entries have personal knowledge in most cases or they rely on statements of employees or persons in the business or hospital who have a duty to make the statements relied upon. This view was taken in *Johnson v. Lutz* (1930), 253 N. Y. 124, 170 N. E. 517, which excluded police reports on the ground that to be admissible the report must be made on information imparted by persons who were under a duty to impart such information, and normally witnesses to automobile accidents are not under such duty. This reasoning has been questioned, however, in later cases. *See Cox v. State of New York* (1958), 3 N. Y. 2d 693, 171 N. Y. Supp. 2d 818; *Kelly v. Wasserman* (1959), 5 N. Y. 2d 425, 158 N. E. 2d 241,

writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility. The term 'business' as used in this section, includes business, profession, occupation and calling of every kind."

185 N. Y. Supp. 2d 538. *Admissibility of Investigational Reports Under Business Records Statutes,* 33 Albany Law Rev. (1969), 251. Any implication in *Voigt v. Voigt, supra,* that a police accident report might be considered a business entry under sec. 889.25 is rejected. However, police records of arrests stand on a different footing and may be admissible as a business record.

It has also been argued that since sec. 346.70 (2), Stats., requires an operator of a vehicle involved in an accident resulting in personal injury or property damage of more than $100 to make a report of the accident to the motor vehicle department, such report might be admissible in evidence as to the facts therein contained; we think not. Sec. 346.73 (2) expressly provides that such a report shall not be used as evidence in any trial arising out of the accident. Although the 1965 legislature amended sec. 346.70 (4) (f) to provide any person may examine or copy such uniform traffic-accident report retained by local authorities, we think the fact the report may be public information does not necessarily allow it to be admitted in evidence as substantive proof of facts therein contained even in the absence of the prohibition in sec. 346.73 (2).

*By the Court.*—Judgment reversed.