94 N.J. Super. 156 (1967)
227 A.2d 339
DOLORES LIEBERMAN AND RICHARD LIEBERMAN, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
WILLIAM SALEY, ACTING DIRECTOR OF THE DIVISION OF MOTOR VEHICLES OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 6, 1967.
Decided March 9, 1967.
*159 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Richard Levinson argued the cause for appellants (Messrs. Jacob, Alfred & Richard Levinson, attorneys).
Mr. Morgan Seiffert argued the cause for respondent (Messrs. Seiffert & Frisch, attorneys; Mr. Sam Weiss, of counsel).
The opinion of the court was delivered by LEONARD, J.A.D.
Plaintiffs Dolores Lieberman (Dolores) and her husband Richard appeal from an adverse judgment entered upon a jury verdict in an action instituted by them against defendant pursuant to N.J.S.A. 39:6-78 to recover damages for personal injuries and consequential losses as the result of an automobile accident allegedly caused by the sole negligence of an unknown operator of an unidentified motor vehicle. The claimed negligence is that the unascertainable driver, who was proceeding in a direction toward Dolores, crossed over the center line and caused her to lose control of her vehicle.
Plaintiffs urge as ground of reversal that the trial court erred on two separate occasions in excluding plaintiff's extrajudicial statement to officer Eugene Markulic as to the cause of the accident. They argue that this statement was admissible in evidence as an "excited utterance" or a "spontaneous declaration."
Officer Markulic testified for plaintiffs and for defendant. As a witness for the former, before Dolores testified, the policeman was asked on direct examination to state what she told him at the hospital following the accident, as to "how the accident occurred." Defendant's objection to this question was sustained.
*160 Testifying as a defense witness after Dolores, Markulic stated on direct examination that she told him that she was going "about 40-45 miles per hour" at the time of the accident. This was in conflict with her courtroom testimony. Thereupon plaintiffs' counsel on cross examination asked the officer, "What was the rest of the statement she gave you?" Again, the court sustained defendant's objection.
During the argument on the validity of defendant's objection to the first question, plaintiffs, out of the presence of the jury and at the court's suggestion, made "an offer of proof" of the officer's answer which was that "she told him that another car forced her off the road."
Dolores testified that as she was proceeding in her lane of traffic she saw this unknown car, which was headed in her direction, very close to her and "coming over into" her lane whereupon she applied her brakes and "tried to swerve over to the right" to avoid hitting it. She further testified that as she did she went over to the right, hit the soft shoulder and lost control. Thereafter her automobile swerved left across the highway and up an embankment, rolled down and came to rest on the left shoulder.
As a result of the accident Dolores suffered a cerebral concussion, shock, fractures of multiple facial bones, lacerations of her face, and other painful injuries. She was removed by ambulance from the scene of the accident to the hospital. The pertinent conversation with the officer occurred in the emergency room of the hospital approximately one hour after the accident. At the time her head was bandaged and "she was in pain and a little dazed."
Before the trial judge ruled upon propriety of the first question propounded to officer Markulic with reference to plaintiff's statement, the officer testified out of the presence of the jury to the circumstances surrounding its making. Thereafter, although the court found the statement to be "inherently reliable," it sustained defendant's objection because "she [Dolores] is here," i.e., she was available as a witness.
*161 In determining whether a proffered statement is admissible under the "excited utterance" or "spontaneous declaration" exception to the hearsay evidence rule, the court must decide the preliminary question of whether the declarant had any opportunity for deliberation or reflection, or whether the utterance was a spontaneous one. The matters for the court to consider are the element of time, the circumstances of the accident, the mental and physical condition of the declarant, the shock produced, the nature of the utterance (whether against the interest of the declarant or not, or made in response to questions or involuntary), and any other material facts in the surrounding circumstances. These matters are all to be weighed in determining the basic question, namely, whether the utterance was spontaneous and unreflective, and made under such circumstances as to indicate absence of opportunity for contrivance and misrepresentation. Riley v. Weigand, 18 N.J. Super. 66, 73 (App. Div. 1952); Atamanik v. Real Estate Management, Inc., 21 N.J. Super. 357, 364 (App. Div. 1952); Fagan v. Newark, 78 N.J. Super. 294, 303-304 (App. Div. 1963).
The trial judge did not consider or weigh these factors in making his determination. Although he found the statement to be reliable, he excluded it solely upon the erroneous conception that this result was mandated by the fact that plaintiff was available as a witness. Unavailability of the declarant is not a prerequisite to the admission of such a statement. McCormick, Evidence, § 272, p. 579 (1954); 6 Wigmore on Evidence (3d ed. 1940), § 1748, pp. 138-139.
The court actually never decided whether or not the proffered statement was an "excited utterance" or a "spontaneous declaration." Absent this finding, there was no basis for the court's conclusion that the statement was not admissible in evidence.
Defendant argues that assuming, but not conceding, error in the exclusion of the statement, it was harmless since plaintiff fully testified to the contents thereof, i.e., that another car forced her off the road.
*162 Error in the exclusion of evidence constitutes no ground for disturbing a judgment "unless a denial of the relief sought appears to the court to be inconsistent with substantial justice." R.R. 1:5-3 (b); R.R. 4:63-1. The error must be clearly prejudicial to the substantial rights of the party seeking a review. Stanley Co. of America v. Hercules Powder Co., 16 N.J. 295, 307-308 (1954). Thus, we have held on a number of occasions that a ruling excluding evidence or testimony is harmless when the evidence is otherwise fully developed by the same or other witnesses. See Marano v. Sabbio, 26 N.J. Super. 201, 207 (App. Div. 1953); Van Derbeek v. Conlon, 41 N.J. Super. 574, 580 (App. Div. 1956); Troast v. Lascari, 59 N.J. Super. 110, 116 (App. Div. 1960); Lambe v. Reardon, 69 N.J. Super. 57, 69 (App. Div. 1961), certification denied 36 N.J. 138 (1961). However, this is not an inflexible rule. Corbett v. VanKirk, 38 N.J. Super. 478 (App. Div. 1956), certification denied 21 N.J. 549 (1956).
"The influential character and relationship of the proffered evidence to a material point in controversy and the substantiality of the right of the party to have it admitted, are considerations of paramount significance. Such considerations must be viewed in the light of the entire case. * * * [Where] the erroneous exclusion of evidence the existence of which in the case might by reason of its relevant materiality to a cardinal contentious issue therein have in reason altered the verdict more favorably to the appellant, the mistaken ruling is regarded as an injurious impairment of a substantial right." (38 N.J. Super., at p. 486)
Here the pivotal issue was whether this accident was proximately caused by the negligence of an alleged unknown driver in going across the center line of the highway and into the lane of plaintiff's vehicle. Plaintiff was the sole occupant of her auto and therefore the only eyewitness and the only one who testified as to the manner in which the accident occurred. Cf. Hagopian v. Fuchs, 66 N.J. Super. 374, 383 (App. Div. 1961). While defendant offered no witness to contradict her, he nevertheless vigorously cross-examined her *163 in an attempt to impugn her credibility and to establish the fact, or an inference thereof, that her sole negligence caused the accident. Without corroboration, and particularly in view of the unusual aspects of the accident, the jury could well have been and probably was suspicious of the veracity of her testimony.
Under these circumstances, plaintiff's statement to officer Markulic, made so soon after the accident and inferably while in a state of pain and shock bridging the time interval from accident to declaration, had the potential of substantially supporting her version of the accident as given on the witness stand. The exclusion of the declaration from evidence, if erroneous, therefore did prejudice plaintiff's substantial rights.
Since the trial court, as previously noted, did not decide if the statement was or was not an "excited utterance" or a "spontaneous declaration," full justice requires that this matter be reversed and remanded for a new trial. If the statement is again offered, the court should make a specific finding, based upon the appropriate criteria aforementioned, as to whether it is admissible as an "excited utterance" or a "spontaneous declaration." It may be suggested that all of the testimony bearing upon plaintiff's condition of pain, shock and consciousness, hers as well as the officer's, ought to be on the record prior to a determination by the court of the admissibility of the declaration.
Plaintiff's second point is that she should have been permitted on cross-examination of officer Markulic to elicit from him the entirety of her statement to him, in view of defendant's introduction of that portion thereof which indicated she was traveling "about 40-45 miles per hour." The general rule is that whenever the statement of a party is put in evidence, all that was said by him at the same time and upon the same subject matter is admissible. State v. Marchand, 31 N.J. 223, 229 (1959). It is true that the rule is qualified to the extent that the remainder of the statement must pertain to those matters which are the subject of inquiry *164 or investigation. Ibid. In our judgment, the inquiry and investigation by the officer extended to the entirety of plaintiff's version of the accident. Therefore, when part of her statement was adduced by defendant she had the right to introduce the remainder.
Reversed and remanded for a new trial.