107 N.J. Super. 113 (1969)
257 A.2d 130
LILLIAN SCHNEIDERMAN AND MORRIS SCHNEIDERMAN, PLAINTIFFS-RESPONDENTS,
v.
JUNE STRELECKI, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 23, 1969.
Decided October 3, 1969.
*116 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Martin Kirsch argued the cause for appellant.
Mr. Richard P. Weitzman argued the cause for respondents (Messrs. Weitzman, Brady and Weitzman, attorneys).
The opinion of the court was delivered by LABRECQUE, J.A.D.
In this suit against her under the "hit and run" provisions of the Unsatisfied Claim and Judgment Fund Act, N.J.S.A. 39:6-78 and 79, the Director of the Division of Motor Vehicles appeals from a judgment based upon a jury verdict in favor of plaintiffs.
At the trial plaintiff Mrs. Schneiderman testified that on the morning of the accident she had been walking on the easterly side of Halsey Street, Newark, and as she was crossing its intersection with Raymond Boulevard, she was struck by a truck which continued on without stopping. She stated that the light was green when she started to cross but that it changed when she was on the crosswalk about halfway across. She then slowed her pace, but the truck, travelling eastward, struck her on her left side. A police officer, who did not see the accident, testified that one Decker, a bystander, had told him he was a witness but the latter was not called by either side.
Defendant's appeal challenges the judgment against her on two grounds: (1) the court erroneously withdrew from the jury's consideration the issue of plaintiff's asserted contributory negligence, and (2) the police report should not have been received in evidence.
*117 In general, whether a plaintiff has been contributorily negligent is an issue for the trier of the facts. Battaglia v. Norton, 16 N.J. 171, 179 (1954); Kopec v. Kakowski, 34 N.J. 243 (1961). The test in determining whether the issue is to go to the jury is whether different minds could reasonably reach different conclusions as to the facts or reasonably disagree as to the inferences to be drawn from them. Kent v. County of Hudson, 102 N.J. Super. 208, 215 (App. Div. 1968), aff'd 53 N.J. 546 (1969). In the absence of disputed facts or disputed inferences to be drawn from undisputed facts, there is no warrant for submission of the issue of contributory negligence to the jury. Kaufman v. Pennsylvania Railroad Co., 2 N.J. 318, 324 (1949). More specifically, if Mrs. Schneiderman's uncontradicted testimony as to her freedom from contributory negligence was unaffected by any conflicting inferences to be drawn from it, and was not improbable, extraordinary or surprising in its nature, or there was no other ground for hesitating to accept it as the truth, there was no reason for denying the motion to withdraw that issue from the jury. Ferdinand v. Agricultural Ins. Co. of Watertown, N.Y., 22 N.J. 482, 498 (1956).
Plaintiffs urge that here there was no possibility of conflicting inferences and no ground for hesitating to accept Mrs. Schneiderman's testimony. We disagree. The record reveals items which, in the absence of explanation, could well have raised doubts as to the correctness of portions of her testimony. She had testified that the light was green when she started across; she was the last pedestrian to start to cross; she was walking "like a person walks," and when the light turned green when she was halfway across, "I stopped. I slowed up." However, the police officer who had found her still lying in the street when he arrived two or three minutes after the accident, testified that she told him at that time, "she was running across the street, trying to reach the next corner * * *. She was trying to hurry to the next corner." In his report he had written down that she had *118 stated that "the signal light had changed while she was in the middle of the intersection and when she went to run to the next corner she was struck * * *." We cannot say that the jury could not have believed that what she told the police officer was true, in which case it would have been for the jury to determine whether, in view of the apparent emergency, she was in the exercise of reasonable care in proceeding as she did and, if she was not, whether her failure to exercise such care was causally related to the accident.
Turning to the police report defendant argues, in substance, that (1) it was not a business record under Evidence Rule 63(13); (2) it was not admissible as relevant evidence in plaintiffs' case; (3) it contained self-serving matter which barred its admission, and (4) the fact that the officer who had prepared it was called as a witness precluded its allowance into evidence.
We are satisfied that a routine report of an automobile accident, prepared by the investigating policeman in pursuance of his duty and duly filed in the regular course of business, where relevant and not otherwise inadmissible, may be received in evidence as a business record under Rule 63(13) of the Rules of Evidence. Brown v Mortimer, 100 N.J. Super. 395, 402-04 (App. Div. 1968). See also comments on Rule 63(13) in the Report of the Supreme Court Committee on Evidence (1963), at 177-181. Compare Fagan v. Newark, 78 N.J. Super. 294, 319 (App. Div. 1963).
We likewise hold that in view of the nature of the case and the claim being made by plaintiff the police report would have been relevant evidence on her behalf. In a "hit and run" case against the Director the pivotal issue is whether plaintiff's injuries were proximately caused by the negligence of an unknown driver. Here it was incumbent upon Mrs. Schneiderman to establish that the driver who struck her had failed to stop and for this reason his identity had not been ascertained. As the only eyewitness who testified, she was vigorously cross-examined, and properly *119 so, in an effort to affect her credibility and raise an inference that the accident did not occur as she had testified. In the absence of corroborating testimony the jury could well have been dubious as to her veracity. The fact that the occurrence was officially reported by the police as having involved an unknown driver and owner tended to substantially support this phase of her testimony. Its exclusion could well have prejudiced her substantial rights. Cf. Lieberman v. Saley, 94 N.J. Super. 156, 163 (App. Div. 1967).
Defendant urges that the report was rendered inadmissible because it contained Mrs. Schneiderman's "hearsay account of the happening of the accident." We are at a loss to understand how defendant was prejudiced by this in view of the somewhat different version she testified to at the trial. In any event, we are unable to determine from the record whether plaintiff's statement as recorded in the report qualified under Rule 63 (4) as a spontaneous declaration made at the scene immediately upon the arrival of the officer, see Lieberman v. Saley, supra., at 161, or whether it was no more than a later, self-serving narration of past events such as the court found to be the case in Rogalsky v. Plymouth Homes, Inc., 100 N.J. Super. 501, 506 (App. Div. 1968), certif. den. 52 N.J. 167 (1968). Undoubtedly, that issue will be determined at the new trial when and if an objection is made to the offer of the report in evidence.
Defendant urges that the report was not admissible in view of the fact that the officer who had prepared it had testified, substantially, to the information it contained. However, we note that at the time it was received in evidence the police officer had not so testified. On the contrary, when plaintiffs' counsel had sought to elicit from him what Mrs. Schneiderman had told him when he first arrived on the scene his testimony was excluded upon defendant's objection. It was only after his oral testimony was excluded that counsel qualified the report and offered it in evidence. Thereafter, *120 he was examined and cross-examined (without objection) as to specific matters which were also referred to in the report.
We are in agreement with defendant that to permit a police officer to testify as to the facts contained in an accident report made by him and thereafter to allow his report into evidence is to give a plaintiff "two bites of the apple." The better course would be to exclude the latter where its contents had been fully developed by the oral testimony. However, we are not prepared to hold that in the context of the facts before the trial judge his admission of the report was erroneous on that ground. The report was admissible not only as establishing that the driver of the truck had left the scene of the accident before the arrival of the officer, but also as pointing to the possibility that a witness whose name and address was contained therein had seen the occurrence. The judge, who was vested with considerable discretion in determining the admissibility of such evidence, was in a better position than we to determine whether its probative value was outweighed by any risk of undue prejudice to defendant which it entailed. Rule 4, Rules of Evidence.
Reversed and remanded for a new trial.
No costs.