132 N.J. Super. 393 (1973)
334 A.2d 42
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN BICANICH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 19, 1973.
Decided December 28, 1973.
*394 Before Judges LEONARD, ALLCORN and CRAHAY.
Messrs. Citta, Gasser, Carluccio & Holzapfel, attorneys for appellant (Mr. Daniel J. Carluccio, of counsel, Mr. Gregory V. Sharkey, on the brief).
Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney for respondent (Mr. Robert V. Gluck, Deputy Attorney General, of counsel).
PER CURIAM.
Defendant, a school teacher, was convicted by a jury of impairing the morals of a minor child contrary to N.J.S.A. 2A:96-3 and carnal indecency contrary to N.J.S.A. 2A:115-1. The alleged offenses occurred in a classroom at different times on the same day and involved the same minor female child.
On this appeal he asserts  1) that the trial court erred in limiting his cross-examination of the victim and a school nurse so as to demonstrate lack of "fresh complaint", and 2) that the trial court erred in refusing to allow defendant to testify regarding disciplinary problems he encountered with *395 the victim prior to the alleged criminal occurrences so as to demonstrate bias in her against him.
We find no mistake in the exercise of the trial court's discretion in not permitting testimony of lack of complaint by the victim to the school nurse. Apparently, before the involved incident, she was visited frequently by the victim regarding other unrelated problems. Defendant argues that a relationship had been developed making it likely that the victim would have reported the acts committed against her and that failing to report them would generate an inference of their non-occurrence. (The victim first mentioned the alleged incidents between a week or two after their occurrence. Then, not wanting to go to school the next day she spoke of them to a girl friend of her older brother who advised her to tell her mother.)
The "fresh complaint" rule is one of the recognized exceptions to the exclusionary hearsay rule and permits proof of complaints of sexual offenses to persons to whom the victim would ordinarily turn to for sympathy, protection and advice. State v. Balles, 47 N.J. 331 (1966), cert. den., appeal dismissed, 388 U.S. 461, 87 S.Ct. 2120, 18 L.Ed.2d 1321 (1967). We find no meaningful prejudice to defendant here in the trial court's proscription against examination into the lack of complaint vis a vis the school nurse and a pupil. Evid. R. 4.
We are satisfied, however, that the second alleged error asserted by defendant has merit and of a quality warranting reversal. A review of the entire record satisfies us that while there was sufficient evidence from which the jury could find guilt, the case was, in a word, "close". As noted, the offenses allegedly occurred at different times. As to one, it was the victim's word as to what occurred against defendant's denial of the happening. As to the other, there was some minimal corroboration by another nine year old girl but it was not compellingly persuasive.
Credibility in cases such as this is ofttimes the most critical issue. Interest, motive and bias are factors which *396 may affect a witness' credibility. State v. Smith, 101 N.J. Super. 10 (App. Div. 1968), certif. den. 53 N.J. 577 (1969); State v. Taylor, 38 N.J. Super. 6 (App. Div. 1955); State v. Manno, 29 N.J. Super. 411 (App. Div. 1954); State v. Salimone, 19 N.J. Super. 600 (App. Div. 1952), certif. den. 10 N.J. 316 (1952).
The record reflects that on a voir dire examination defendant offered to show that shortly before the alleged offenses there had been an incident between him and the victim wherein he had separated her from a close friend because of behavioral difficulties which tended to interrupt the classroom. Thereafter, the victim approached him and asked to be returned to the seat in the classroom near her friend. Defendant refused to honor this request and subsequently  he testified  she was "cool towards him." In the context of this case this testimony should have been permitted into evidence for jury consideration. Evid. R. 20.
We cannot here measure the impact such testimony might have had on the jury in demonstrating bias in the alleged victim against defendant so as to affect her credibility.
We do not deal with harmless error here since we are unable to find beyond a reasonable doubt that the erroneous limitation of proof did not have the clear capacity to produce an unjust result. Compare State v. LaPorte, 62 N.J. 312 (1973).
Reversed and remanded for a new trial.