## Dorothy Vladyka, Adm'x of the Estate of Stephen Vladyka v. Walter H. Page

[373 A.2d 539]

No. 234-75

Present: Barney, C.J., Daley, Larrow, and Billings, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed April 5, 1977

*Bloomer & Bloomer*, Rutland, for Plaintiff.

*Hoff, Wilson & Jenkins*, Burlington, for Defendant.

**Daley, J.** In this civil action brought as the result of an automobile accident, the jury found the defendant not liable. Judgment was entered upon the verdict and timely notice of appeal was filed by the plaintiff. While the cause was pending in this Court, the plaintiff filed a motion in the superior court for relief from judgment. V.R.C.P. 60(b). In accordance with our decision in *Kotz* v. *Kotz*, 134 Vt. 36, 349 A.2d 882 (1975), the cause was remanded to the superior court for hearing upon the motion. The court denied relief and from such denial the plaintiff appeals. Since we are reversing and remanding for a new trial upon an issue raised in the appeal from the judgment in chief, it is not necessary for us to pass upon the correctness of the court's action on the motion.

The controlling issue before us is whether the trial court erred in admitting into evidence a written report of an accident investigation prepared by a police officer called to the scene of the collision involving the vehicle operated by the plaintiff Vladyka and the automobile driven by the defendant Page.

The police officer was called to testify during the course of the defendant's case. Upon direct examination, his report was offered into evidence as a business record kept in the ordinary course of business. 12 V.S.A. § 1700. On this basis, the trial court admitted the document over the timely objection of

counsel for the plaintiff. The objection raised by the plaintiff's counsel made known to the court the action which he desired it to take; this was sufficient to preserve the issue for appeal. V.R.C.P. 46.

12 V.S.A. § 1700, entitled the "Uniform Business Records as Evidence Act", provides for the admissibility of certain records made in the regular course of business. 12 V.S.A. § 1700(b). Although we have not previously faced the precise issue of the admissibility of police accident reports under the purview of this statute, after a review of the exhibit admitted in this case, we have no hesitation in holding that it does not fall within the ambit of the statute. In so ruling, we are mindful of the split of authority in other jurisdictions with respect to this matter. See Annot., 69 A.L.R.2d 1148 (1960). However, upon a review of this case, we are persuaded by the reasoning set forth by Chief Justice Hallows of the Wisconsin Supreme Court:

> We do not think the business - entry statute was intended to serve as a vehicle for the admission of an investigational report by the police. Although investigational reports are prepared in the ordinary course of a police officer's duty, they are not an integral part of a larger transaction or business. While the statute makes any writing or record of occurrence or event admissible as evidence of such occurrence or event, the "regular course of business" does not refer to law enforcement.

*Wilder* v. *Classified Risk Insurance Co.*, 47 Wis.2d 286, 177 N.W.2d 109, 114 (1970).

It should also be noted that even in those jurisdictions which allow the admission of police accident reports into evidence as "business records", an exception has been grafted making such records inadmissible where the report contains objectionable hearsay, conclusions or unsupported opinions. *Quint* v. *Pawtuxet Valley Bus Lines*, 114 R.I. 473, 481, 335 A.2d 328, 333 (1975); *Rogalsky* v. *Plymouth Homes, Inc.*, 100 N.J. Super. 501, 242 A.2d 655, 658 (1968). The police report admitted into evidence in the present case was replete with such conclusions and opinion. Included was an indication by the officer that vehicle number one, the vehicle driven by the plaintiff, "failed to yield the right of way". This statement is found on the form beneath the caption "Cause of accident". Furthermore, the

notation "VLR (violation of the law of the road) - Right of Way" is noted next to an indication on the form relating to vehicle number one. These statements, when combined with the officer's testimony that it was standard operating procedure to designate the car operated by the person considered to have violated the motor vehicle law as "vehicle 1", must be held to have prejudiced the jury to the detriment of the plaintiff.

We hold that the trial court's admission of the police report constituted prejudicial error and the entry will be -

*Judgment reversed and cause remanded for a new trial.*