203 N.J. Super. 197 (1985)
496 A.2d 386
STATE OF NEW JERSEY, PLAINTIFF,
v.
ANGEL RAMOS, DEFENDANT.
Superior Court of New Jersey, Law Division Criminal, Union County.
Decided April 22, 1985.
*200 Harold C. Knox, Assistant Prosecutor for State (John H. Stamler, Pros., Union County).
Robert T. Norton, for Defendant (Norton and DeRose, attorney).
MENZA, J.S.C.
The question presented in this case is whether various statements made by an infant victim of a sexual assault to her mother after the occurrences of the alleged assaults are admissible as either fresh complaints, spontaneous utterances, or both.
The facts of this case are generally as follows. At the beginning of the school year in September 1984, the alleged victim, a second grade student, age seven, brought home material prepared by the school authorities to assist parents in speaking to their children concerning sexual matters. At that time the victim's mother cautioned her daughter not to allow persons to touch her "private parts". In the discussion, the child asked whether this included the defendant, to which her mother responded that it did. The child then indicated that the defendant had touched her private parts on various occasions. *201 She did not specify the dates of the occurrences. Her mother, apparently not fully believing her daughter, told the child that she would talk to the defendant's wife.
On October 6, 1984, the child, upon arriving home after spending the night at the home of the defendant and his family, asked her mother if she had spoken to the defendant's wife. She stated that the defendant "did it again" explaining that he had touched her private parts. The mother testified that the child's demeanor appeared to be "normal" at the time she made the statements.
On October 28, 1984, the child and her mother drove to the defendant's house to pick up a book which the mother had left at the defendant's home. On approaching the house the child started to cry and told her mother to park the car a distance from the house. The child requested that she be permitted to remain in the automobile while her mother entered the defendant's house. On returning home, the child, who was then in a very emotional state and crying, repeated to her mother what she had told her on October 6, 1984; she also told her mother of other acts of sexual misconduct committed upon her by the defendant.
The prosecutor wishes to introduce into evidence the statements made on these three occasions. The defendant objects contending that although the statements made by the child in September 1984 could possibly be characterized as a "fresh complaint", the statements of October 6, 1984 and October 28, 1984 are not admissible as either fresh complaints or spontaneous declarations. He contends that the victim was not under a state of nervous excitement when she made the statements on October 6, 1984 and that the statements of October 28, 1984 were not made in proximity to the event. Therefore, he argues that statements made on neither occasion meet the criteria of a spontaneous declaration. The defendant further contends that these statements are also inadmissible as fresh complaints. He argues that if the court allows into evidence, as a fresh complaint, *202 the statements of September 1984, there is no necessity for the admission of the statements made on October 6 and on October 28, 1984 because they would be redundant, serve no basis and consequently be prejudicial to the defendant.
Professor Wigmore sets forth three principles as the basis for the admission of statements made by the victim of a sexual assault:
There are three possible principles, well enough established otherwise, upon which such evidence can be offered:
1. as an explanation of a self-contradiction.
2. as a corroboration by other similar statements, under the present principle.
3. as a res gestae declaration, excepted under the hearsay rule.
[Wigmore on Evidence, § 1135 at 298 (Chadbourn rev. ed. 1972)].
The first principle rests on the proposition that it is natural for a victim to complain of an assault committed upon her and a failure to do so is therefore an inconsistent statement or self-contradiction. Such complaints are admissible then for the purpose of "repel[ling] any inference that because the victim did not complain no outrage had in fact transpired." McCormick on Evidence, § 297 at 859 (3rd ed. 1984). Although fresh complaint[1] is often characterized as an exception to the hearsay rule, See State v. Cherry, 154 N.J. Super. 157 (App.Div. 1977), cert. denied, 75 N.J. 604 (1978); State v. Bicanich, 132 N.J. Super. 393 (App.Div. 1973), aff'd., 66 N.J. 557 (1975),[2] neither the hearsay rule nor its exceptions are involved with this principle of admissibility. The statement of the victim is offered not for the purpose of proving the truth of the assertion made, but to show that it was in fact made as corroboration of the victim's assertion that she was assaulted *203  a way to bolster her testimony. The substance of the complaint is therefore immaterial and inadmissible.
(1) Only the fact of the complaint, not the details. The purpose is to negative the supposed inconsistency of silence by showing that there was not silence. Thus the gist of the evidential circumstances is merely nonsilence, i.e., the fact of a complaint, but the fact only. That she complained of a rape, or an attempt at rape, is all that principle permits; the further terms of her utterance (except so far as to identify the time and place with that of the one charged) are not only immaterial for the purpose, but practically turn the statement into a hearsay assertion, and as such it is inadmissible (except on the third theory). [Wigmore, supra, § 1136 at 307; emphasis and footnote omitted].
While the child's statements made to her mother in September could constitute a fresh complaint, it is apparent that there was a substantial lapse of time between the incidents and the making of the complaint. It is generally held that a delay in making a complaint may affect its admissibility as well as the weight to be given to it.[3] (See cases collected in Wigmore, supra, § 1135(d) at 301-03, n. 4 & 5). The delay in making the complaint in the instant case, however, is readily explainable by the child's age and the circumstances surrounding the giving of the statements by the child to her mother.
A tendency is apparent in cases of sex offenses against children of tender years to be less strict with regard to permissible time lapse. [McCormick, supra, § 256 at 859, n. 49 and cases cited therein].
The child's statements of September 1984 fall within the common law concept. The delay in making them is justified. The statements are therefore admissible as a fresh complaint.
The statements made by the child on October 6, 1984 and on October 28, 1984 are admissible into evidence on a different basis. These statements are admissible under the concept of a spontaneous declaration.
Evidence Rule 63(4), states:

*204 A statement is admissible if it was made ... (b) while the declarant was under the stress of a nervous excitement caused by such perception, in reasonable proximity to the event, and without opportunity to deliberate or fabricate.
This rule is premised on the theory that a statement made while the declarant is under the stress of a nervous excitement has a high degree of trustworthiness and although hearsay, is nevertheless admissible.
The factors to be considered in determining whether a statement is spontaneous and thus admissible under this exception to the hearsay rule are set forth in the case of Lieberman v. Saley, 94 N.J. Super. 156 (App.Div. 1967).
In Lieberman the court stated:
[T]he court must decide the preliminary question of whether the declarant had any opportunity for deliberation or reflection, or whether the utterance was a spontaneous one. The matters for the court to consider are the element of time, the circumstances of the accident, the mental and physical condition of the declarant, the shock produced, the nature of the utterance, ... and any other material facts in the surrounding circumstances. [at 161].
The child's statements of October 6, 1984 meet the criteria set forth in Lieberman. The child was attempting to tell her mother of an incident that occurred at the defendant's home the night before. She was now aware of the import of the defendant's conduct, knew that it was wrong and wished to tell her mother about it. Under the circumstances, there is no doubt that there is a high degree of reliability attached to these statements. The fact that the child appeared to be "normal" does not make the statements inadmissible as an excited utterance. "Nervous excitement" is not necessarily manifested by hysteria, crying or the other obvious ways in which it is usually demonstrated. It may be demonstrated in a myriad of ways reflecting a person's age, experience and psychological makeup. Surely, the "nervous excitement" of a seven-year-old child who has just been told about the morals and mores of society is to be measured differently than that of an adult.
The October 6, 1984 statements are also admissible under the explanation of self-contradiction theory (fresh complaint). Now that the child was aware that the defendant's *205 conduct was wrong, it was "natural" for her to tell her mother of this conduct, which she did at the first opportunity given to her.
The child's statements of October 28, 1984, although not admissible as a fresh complaint, are admissible as spontaneous declarations. These statements were made by the child at least two weeks (perhaps even longer) after the incidents. They were the product of a nervous excitement, engendered by her visit to the home of the defendant. The fact that the statements were made two or more weeks after the sexual misconduct allegedly took place does not, standing alone, affect their admissibility. The admissibility of the statement depends on whether it was made while the victim was under the stress of "nervous excitement."
In Keefe v. State, 50 Ariz. 293, 72 P.2d 425 (1937), the court stated:
The sure test in spontaneous exclamations is not when the exclamation was made, but whether under all the circumstances of the particular exclamation the speaker may be considered as speaking under the stress of nervous excitement and shock produced by the act in issue, or whether that nervous excitement has died away so that the remark is elicited by the shock of some other act not at issue, which revives the memory of the act in question. [Id. 72 P.2d at 427].
The statements made by the victim on October 28, 1984 meet the criteria of the rule since they were made while the child was under the stress of "nervous excitement" and in reasonable proximity to the incident (at least that of October 5, 1984). They were obviously not the product of premeditation or fabrication. Consequently, they are admissible.
Since the September statements are being admitted under the first principle set forth by Wigmore  namely "as an explanation of a self-contradiction"  only the fact that a complaint was made is admissible. The statements of October 6 and October 28, 1984 are spontaneous statements and as such are exceptions to the hearsay rule. The statements are therefore admissible substantively.
NOTES
[1] Fresh complaint is a common law rule of evidence and is not set forth in any specific rule of the New Jersey Rules of Evidence.
[2] Even the Model Charge on fresh complaint refers to it as hearsay: "Such evidence, though hearsay, is permitted but only for the purpose of supporting the credibility of the victim's complaint and not as corroboration of the alleged offense." Model Jury Charges, Criminal 4.153 (1978).
[3] Wigmore responds:

But, if it be considered that the purpose of the evidence is merely to negative the supposed silence of the woman, it is perceived that the fact of complaint at any time should be received. [Wigmore, supra, § 1135 at 302-03].