Paul C. BURCH and Connie E. Burch, Plaintiffs-
Respondents,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant-Appellant.

Supreme Court

*No. 94–0947. Oral argument October 6, 1995.—Decided
January 30, 1996.*

(Also reported in 543 N.W.2d 277.)

For the defendant-appellant there were briefs by *Nancy J. Sixel* and *Tinglum & Sixel, S.C.*, River Falls and oral argument by *Nancy J. Sixel*.

For the plaintiffs-respondents there was a brief by *Ardell W. Skow, Matthew A. Biegert* and *Doar, Drill & Skow, S.C.*, New Richmond and oral argument by *Matthew A. Biegert*.

JANINE P. GESKE, J. This is an appeal from an order of the Circuit Court for St. Croix County setting aside a jury verdict in favor of defendant, American Family Mutual Insurance Company (American Family) and granting the plaintiff's motion for a new trial. The appeal is before this court on certification from the court of appeals pursuant to Wis. Stat. § 809.61 (1993-94).

The plaintiff, Paul Burch, sued his family's insurer, American Family, for personal injuries he sustained in an accident involving his 15-year-old severely developmentally disabled daughter, Amy. After leaving Amy sitting in the front seat of the truck with the key in the ignition of the parked vehicle, Paul Burch was injured when the truck started and lurched backwards pinning him against a building. A jury found that Paul Burch was 100% causally negligent as to his own injuries. We find that this verdict is supported by credible evidence and we further conclude that Paul Burch's negligence exceeds any negligence on the part of his daughter as a matter of law. We reverse the circuit court's order for a new trial as an erroneous

exercise of discretion and remand for entry of judgment on the jury's verdict.

## FACTS

Amy was born with cerebral palsy and mental retardation with autistic tendencies and functions at the cognitive level of a preschooler. On June 27, 1987, her father took Amy, then 15, with him to run some errands. At trial, Paul Burch testified that he often took Amy with him on errands and on occasion left her in the cab with the key turned to the accessory position so that she could listen to music. On arriving at a friend's house, he exited his truck leaving Amy seated alone in the cab. Paul Burch had turned off the truck but left the key in the ignition, the gearshift in reverse and the parking brake disengaged. He was standing behind the truck when it lurched backwards, pinning him against a building. Apparently, Amy had turned the key in the ignition in an effort to turn on the radio.

The circuit court, Judge Benjamin Proctor, presiding, granted American Family's motion for summary judgment on the grounds that Amy was incapable of negligence as a matter of law, and that a reasonable jury could not find Amy more negligent than her father. The court of appeals reversed and remanded. *Burch v. American Family Mutual Insurance Co.*, 171 Wis. 2d 607, 492 N.W.2d 338 (Ct. App. 1992) (hereinafter *Burch* I). It concluded that in some instances a person may be so "functionally incapacitated" that liability for negligence should be barred as a matter of law. However, the appellate court determined that whether Amy's disability was unforeseen and of such a type that it affected her "ability to understand the likely consequences of her conduct and her duty to exercise ordinary care," were questions of fact that

469

must be resolved by a jury and, therefore, summary judgment had been improperly granted. The court of appeals did not directly address its rationale for departing from the reasonable person standard of care which is traditionally applied even to the mentally disabled, but relied on *Breunig v. American Family Ins. Co.*, 45 Wis. 2d 536, 540-41, 173 N.W.2d 619 (1970), for the proposition that some forms of mental disability preclude liability for negligence. *Burch* I, 171 Wis. 2d at 613.

On remand, plaintiff's request for substitution of judge was granted and a three-day jury trial followed with Judge Robert H. Rasmussen presiding. Over the objection of American Family, the circuit court delivered a version of the standard jury instruction on the negligence of the mentally ill (Wis JI—Civil 1021) advising the jury that in deciding whether Amy was negligent they must disregard her mental limitations. This ruling was inconsistent with the holding in *Burch* I which the circuit court apparently chose to disregard, stating,

> *Breunig* carved out a very specific exception . . . . That carved out exception in *Breunig* is not applicable in the case that we are considering here today. I am convinced that *Burch* [I], in terms of the court of appeals decision, overreaches and is not well-founded on *Breunig*.[1]

---

[1] A question of law decided by an appellate court on initial appeal becomes the law of the case on remand. *Johnson v. Industrial Commission*, 14 Wis. 2d 211, 217, 109 N.W.2d 666 (1961). This court has previously recognized, however, that the binding effect of an appellate ruling is not absolute. For example, the law of the case may be disregarded when " 'cogent, substantial and proper reasons exist' " such as a subsequent contrary decision from a controlling authority. *Mullen v.*

The circuit court restricted the jury's consideration of Amy's mental disabilities to the question of its impact on her father's contributory negligence.[2]

The jury found that Amy was not negligent and that Paul Burch was causally negligent in regard to his injuries. American Family moved for judgment on the verdict while Paul Burch moved for a new trial on a number of theories. The circuit court denied his motion to change the verdict answers and found a new trial was not warranted by either a perverse verdict, or alleged jury misconduct or errors during the trial. The court also found the verdict was not contrary to the weight of the evidence, however, it granted Paul Burch's motion for a new trial in the interest of justice.

*Coolong*, 153 Wis. 2d 401, 410-411, 451 N.W.2d 412 (1990) (quoting *Univest Corp. v. General Split Corp.*, 148 Wis. 2d 29, 39, 435 N.W.2d 234 (1989)). Here, the court of appeals remanded with an explicit directive that the question of whether or not Amy was mentally capable of negligence must be put to the jury. *Burch* I, 171 Wis. 2d at 615-16. Although today we overrule that holding, the circuit court in this instance should have applied the *Burch* I rationale on retrial. A trial judge may not simply reject instructions on remand because he disagrees with the appellate court's legal analysis. The circuit court's conclusion that the court of appeals' decision "over-reaches and is not well-founded" on standing case law does not constitute a proper reason to disregard the law of the case doctrine.

[2] The relevant portion of the instruction follows:

> As to Amy's negligence, if any, evidence has been received that at the time of the accident, Amy Burch was mentally handicapped. A person who's mentally handicapped is held to the same standard of care as one who has normal mental abilities. And in your determination of Amy's negligence, if any, you will give no consideration to Amy's mental limitations.
>
> As to Paul's negligence, if any, you may consider Amy's mental limitations and Paul's prior knowledge thereof.

471

The court stated that its grounds for granting the new trial were that, "the jury either didn't understand or didn't listen to the 1021 jury instruction [about negligence of the mentally ill] which I gave them and they may or may not have been sidetracked by [defense counsel's closing] argument."[3] The court of appeals granted American Family's petition for leave to appeal and subsequently certified the case to this court.

## ISSUES

This certification presents two issues: (1) the applicability of the so-called "civil insanity defense," i.e., whether a tortfeasor's mental incapacity can be invoked to bar civil liability for negligence; and (2) whether the circuit court's order for a new trial was erroneous. In addressing the first issue, both parties argue the merits of the court of appeals' holding in *Burch* I. American Family asks this court to affirm what it characterizes as the underlying principle of *Burch* I—that liability cannot attach when mental disability is so great that without forewarning it affects a person's ability to understand the consequences of conduct and to appreciate the duty to exercise ordinary care. They argue that Amy fits the above description and therefore this court should conclude, as a matter of law, that she lacked the mental capacity to be negligent. In response, Paul Burch claims *Burch* I was an "aberration" contrary to Wisconsin precedent and should be explicitly overruled because it abandoned the

---

[3] The circuit judge stated that, although it did not strike him at the time, upon reflection, "it is clear to me that [defense counsel] did not put your [closing] arguments with regard to the proper standard of care to be applied to Amy in the context of a comparison between her and Paul in terms of their respective negligence."

reasonable person standard. He relies on the general rule established by this court in *In re Guardianship of Meyer*, 218 Wis. 381, 261 N.W. 211 (1935), and articulated in Wis JI—Civil 1021, that insane persons can be found liable for negligence and must be held to the same standard of care as those of normal mentality.

## APPLICABILITY OF THE REASONABLE PERSON TEST

We first address the issue regarding application of the so-called "civil insanity defense." Based on *Gould v. American Family Mutual Insurance Company*, 198 Wis. 2d 450, 543 N.W.2d 282 (1996), in which we held that Wisconsin still generally adheres to the rule articulated in *Meyer*, we conclude that Amy's mental capacity for negligence was not a proper issue to be placed before the jury.[4] *Gould* carves out a very narrow exception for institutionalized mentally disabled persons who are unable to control or appreciate the consequences of their conduct when they injure caretakers who are employed for financial compensation. *Gould*, 198 Wis. 2d at 453. Amy does not fall within that narrowly articulated exception and, therefore, she must be held to the same standard of care as that applied to the reasonable person.[5] Based upon the

---

[4] The jury, however, was correctly allowed to consider Paul Burch's knowledge of Amy's limitations in assessing his contributory negligence.

[5] There was a dispute at trial as to whether Amy should be held to the standard of a reasonable adult or that of a reasonable child which under Wis JI—Civil 1010 sets the standard of care as that "which is ordinarily exercised by a child of the same age, intelligence, discretion, knowledge, and experience under the same or similar circumstances." The circuit court ruled that

principles articulated in *Gould*, we find that the court of appeals in *Burch* I erred in concluding that the reasonable person standard did not apply to Amy. Therefore, we overrule *Burch* I and hold that generally a tortfeasor's mental capacity cannot be invoked to bar civil liability for negligence.

## JURY VERDICT

We must now assess the validity of the jury's verdict. A jury's apportionment of negligence will be sustained if there is any credible evidence which supports the verdict and sufficiently removes the question from the realm of conjecture. *Gonzalez v. City of Franklin*, 137 Wis. 2d 109, 134, 403 N.W.2d 747 (1987). On review, we look at the facts in the light most favorable to sustain the verdict and where more than one inference might be drawn from the evidence presented at trial, we are bound to accept the inference drawn by the jury. *Id.*

The following evidence was presented. At the time of the accident, Paul Burch was 40 years old. His daughter, Amy, was 15 years old. Amy had been diagnosed with cerebral palsy and mental retardation, conditions which are physical/organic in nature and have been present since her birth. The result of psychological testing conducted by psychologist Paul Caillier placed her mental and cognitive capacity as equivalent to that of a normal child between ages three and six. Amy could not read or write and was not capable of performing household chores such as sweeping or mak-

---

Amy must be held to the adult standard of care because she "operated" the vehicle. This issue was not raised on appeal and we will not address it further.

ing her bed. She did not testify at the trial because testimony elicited from her mother indicated that Amy would not be able to understand the oath, even if it were worded in an alternative form informing her that she was obliged to tell the truth or asking her to promise to "tell what she knows." Mrs. Burch acknowledged that Amy would have no comprehension of the court, jury or trial process.

Paul Burch often took Amy with him on errands and on occasion left her alone in the cab of the truck with the key turned to the accessory position so that she could listen to music, which she loved. Mrs. Burch confirmed that "a lot of times" Amy was left in the truck with the key in the ignition so she could listen to the radio. Her father testified that he could not specifically say when, or if, he had instructed Amy not to touch the ignition or other controls on that truck, but that "over her lifetime, she had been instructed not to touch those things and she had not."

On the day of the accident, after backing into his friend's driveway, Paul Burch turned off the truck but left the key in the ignition. He then exited the truck, as was his habit, without setting the parking brake but with the gearshift in reverse. He testified that he had previously done some of the mechanical work on the truck and that, to his knowledge, there was no neutral safety switch which would have prevented the truck from being started when the clutch was not depressed. Further, he testified that he knew that, with the truck in gear, if the ignition key were turned without the clutch being depressed the vehicle would jump or lurch.

At the time of the accident, Amy was in the sole custody of her father. Yet, knowing her limitations, Paul Burch left her alone in the front seat of the truck with the gearshift in reverse, the key in the ignition

and walked to the rear of the truck where he stood "basically almost against" the back-end of the truck talking to friends. There is no evidence that Amy moved over into the driver's seat or touched the steering wheel, accelerator or any of the other pedals. Her alleged negligence is based solely on the inference that Amy must have leaned over while still seated in the passenger seat and turned the key that her father had left in the ignition.

The standard we employ in reviewing a jury's verdict requires us to look at the evidence in the light most favorable to the prevailing party and determine whether there is any credible evidence to support the verdict. *Gonzalez*, 137 Wis. 2d at 134. Not only is this standard met, but in balancing Amy's acts against her father's conduct, we conclude that Paul Burch's negligence exceeds any that could be attributed to Amy as a matter of law. Recovery for negligence is barred if the plaintiff's contributory negligence is greater than that of "the person against whom recovery is sought." Wis. Stat. § 895.045. Paul Burch's contributory negligence by law bars him from recovering damages for injuries sustained in this accident. Given the facts presented to the jury, we hold that the "any credible evidence" standard is clearly satisfied and therefore the jury's verdict absolving Amy of any liability for negligence must be upheld.

## NEW TRIAL ORDER

An order granting a new trial is within the discretion of the trial court and may be reversed only if that discretion was clearly abused. *Krolikowski v. Chicago & N.W. Trans. Co.*, 89 Wis. 2d 573, 580, 278 N.W.2d

865 (1979). A court may not simply substitute its judgment for that of the jury nor order a new trial on the basis that another jury might reach another result. *Markey v. Hauck*, 73 Wis. 2d 165, 172, 242 N.W.2d 914 (1976). Such an order requires reversal and reinstatement of the verdict. In this instance, the court specifically: (1) declined to change the jury's answers; (2) denied the motion for a new trial due to allegations of prejudicial jury misconduct; (3) denied Paul Burch's motion for new trial based on alleged errors; (4) found the verdict was not perverse; and (5) found that a new trial was not warranted by a verdict contrary to the great weight of the evidence.

By statute, an order granting a new trial is not effective unless it specifies the grounds for the order. Wis. Stat. § 805.15(2) (1993-1994). Case law reinforces this principle: "[t]he trial court must set forth its reasons for concluding that the jury's findings were inconsistent with the evidence and that justice had miscarried." *Markey*, 73 Wis. 2d at 172. Further, if "only one of the several reasons advanced is sufficient, the trial court has not abused its discretion." *Id.* However, in this instance, the only reasons stated by the court for granting a new trial in the interest of justice are purely speculative—that the jury "either didn't understand or didn't listen to the 1021 jury instruction"[6] and "may or may not have been sidetracked."

---

[6] A reviewing court may not assume that the jury did not follow its instructions. *Danow v. United States Fidelity & Guaranty Co.*, 37 Wis. 2d 214, 224, 154 N.W.2d 881 (1967). The court orally explained the instruction and copies of all substantive instructions, including Wis JI—Civil 1021, were given to jurors for their use during deliberations. Further, pursuant to *In re Guardianship of Meyer*, 218 Wis. 381, 261 N.W. 211 (1935), and our holding today in *Gould v. American Family Mutual Insur-*

We hold that neither of these bases is sufficient to support an order for a new trial and therefore conclude that the circuit court erroneously exercised its discretion. For the reasons stated herein, we reverse and remand to the circuit court with instructions to enter an order consistent with this decision.

*By the Court.*—The order of the circuit court is reversed and cause remanded.

*ance Company*, 198 Wis. 2d 450, 543 N.W.2d 282 (1996), the jury was correctly instructed to disregard Amy's mental limitations in determining whether she had acted negligently.