COURT OF APPEALS
DECISION
DATED AND FILED

March 2, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2197**

Cir. Ct. No. **2016CV9562**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

CHERYL D. TURNER-FICTUM,

PLAINTIFF-APPELLANT,

V.

INTEGRITY PROPERTY & CASUALTY INSURANCE COMPANY,

DEFENDANT-RESPONDENT,

MILWAUKEE PUBLIC SCHOOLS,

DEFENDANT.

APPEAL from an order of the circuit court for Milwaukee County: JEFFREY A. CONEN, Judge. *Affirmed*.

Before Brash, P.J., Graham and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Cheryl D. Turner-Fictum appeals an order of the trial court dismissing her claims against Integrity Property and Casualty Insurance Company after denying her motion for a new trial.  Turner-Fictum had filed suit against Integrity after it denied her claim that an unknown uninsured motorist caused an accident in which she was involved.

¶2    Turner-Fictum asserts that the trial court erred in allowing the testimony of the sheriff's deputy who investigated the accident, because it included his conclusions as to fault and the credibility of Turner-Fictum.  She also argues that the court erred in striking the deposition testimony of her medical expert.  We affirm.

BACKGROUND

¶3    In October 2015, Turner-Fictum was involved in an accident while driving southbound on Interstate 43 near the Hampton Avenue exit.  She claimed that another vehicle entered the freeway from the Hampton ramp at a high rate of speed and did not yield the right-of-way.  This forced Turner-Fictum to take evasive action causing her to lose control of her vehicle, which rolled and then crashed into the wall.  Turner-Fictum was injured and incurred significant medical bills.

¶4    At the time of the accident, Turner-Fictum had an insurance policy with Integrity.  She filed an uninsured motorist (UM) claim with Integrity; however, Integrity denied the claim, stating that its investigation of the accident indicated that Turner-Fictum was at fault, and that there was insufficient evidence to support a UM claim.

¶5    Turner-Fictum filed suit against Integrity in December 2016, and the matter proceeded to a jury trial in March 2019.  The officer who investigated the

accident, Deputy Russ Boushon, was called to testify as a witness for Integrity. Deputy Boushon stated that Turner-Fictum's version of events was different from that of two other motorists who were involved in the accident. He further testified that the location of the accident was over 100 yards from the end of the Hampton Avenue on-ramp, where Turner-Fictum said the unknown vehicle had entered the freeway. He thus concluded that Turner-Fictum's version was "inconsistent with the physical facts" of the accident scene.

¶6 Turner-Fictum objected to Deputy Boushon's testimony on the grounds that he was not an expert witness and therefore any conclusions he had drawn were inadmissible. The trial court overruled the objection, ruling that Deputy Boushon was a lay expert and therefore could testify, based on his training and experience, as to "what he believes happened under the circumstances." The trial court further established that Deputy Boushon did not provide an opinion as to who was ultimately at fault for the accident.

¶7 Also, as relevant to this appeal, the trial court struck the deposition testimony of Turner-Fictum's medical expert, Dr. Jun Luo. Dr. Luo was the physician who treated Turner-Fictum for her injuries from the accident, as well as for other medical issues prior to and after the accident. His deposition was taken in October 2017; however, he passed away prior to trial.

¶8 As a result, Dr. Luo's deposition testimony was read to the jury. During that testimony, Dr. Luo indicated that Turner-Fictum had several preexisting conditions that were temporarily aggravated by the accident. Integrity subsequently moved the trial court to limit the amount of special damages Turner-Fictum could claim based on Dr. Luo's testimony, because he had not delineated which treatments

were related to the accident and which were not, and thus the jury would be forced to speculate on this issue.

¶9  Integrity further asserted that Dr. Luo was never qualified as an expert witness. Although Dr. Luo had stated that he was board certified in internal medicine, the trial court noted that there was no testimony in his deposition that Dr. Luo was licensed to practice medicine in Wisconsin, and that he had not testified as to his education and experience. Therefore, the court agreed that Dr. Luo had not been qualified as an expert and ruled that his deposition testimony was to be stricken from the record.

¶10  The jury ultimately found that there was no unidentified vehicle that had hit Turner-Fictum's vehicle. As a result, no liability was assessed to Integrity.

¶11  Turner-Fictum subsequently filed a motion for a new trial. She argued that Deputy Boushon should have been precluded from testifying regarding his opinions that were outside the scope of his personal knowledge, as well as to the credibility of her account of the accident. She further asserted that Dr. Luo's testimony should have been admitted. The trial court denied the motion, referring to its previous rulings on both of these issues. This appeal follows.

## DISCUSSION

¶12  Turner-Fictum's arguments challenge the trial court's admission and exclusion of evidence. "Trial courts have broad discretion to admit or exclude evidence[.]" *State v. James*, 2005 WI App 188, ¶8, 285 Wis. 2d 783, 703 N.W.2d 727. The admissibility of expert evidence is also "left to the sound discretion of the trial court." *Spanbauer v. DOT*, 2009 WI App 83, ¶5, 320 Wis. 2d 242, 769 N.W.2d 137.

¶13     When reviewing the admission or exclusion of evidence of an expert witness, appellate courts first determine whether the trial court applied the proper legal standard pursuant to WIS. STAT. § 907.02(1) (2017-18).[1] *Seifert v. Balink*, 2017 WI 2, ¶89, 372 Wis. 2d 525, 888 N.W.2d 816.  This is a determination that we make independently, but benefitting from the trial court's analysis.  *See id.*

¶14     Once that is established, we then review whether the trial court properly exercised its discretion "in determining which factors should be considered in assessing reliability, and in applying the reliability standard" to decide whether to admit or exclude the expert's evidence.  *See id.*, ¶90 (footnote omitted).  This court will uphold such a discretionary decision if the trial court "examined the relevant facts, applied a proper legal standard, and reached a reasonable conclusion using a demonstrated rational process."  *State v. Mayo*, 2007 WI 78, ¶31, 301 Wis. 2d 642, 734 N.W.2d 115.  We review the trial court's decision to grant or deny a motion for a new trial under the same erroneous exercise of discretion standard.  *See Burch v. American Fam. Mut. Ins. Co.*, 198 Wis. 2d 465, 476, 543 N.W.2d 277 (1996).

*Admission of Deputy Boushon's Testimony*

¶15     In ruling that Deputy Boushon's testimony relating to his conclusions regarding the accident was admissible, the trial court stated that he was a "lay expert."  "[T]here are many different kinds of experts, and many different kinds of expertise[.]"  *Seifert*, 372 Wis. 2d 525, ¶71 (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)).  "A lay expert is one whose expertise or special competence derives from experience working in the field of endeavor rather than

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

from studies or diplomas." ***Black v. General Elec. Co.***, 89 Wis. 2d 195, 212, 278 N.W.2d 224 (Ct. App. 1979). The opinion of a lay expert is "valid even though such opinions are not based upon technical or academic knowledge but upon expertise gained from experience." ***Id.***; *see also* ***Seifert***, 372 Wis. 2d 525, ¶¶55, 73 (recognizing that "expert evidence based on personal experiences can meet the reliability test" of FED. R. EVID. 702, which is the federal equivalent to WIS. STAT. § 907.02).

¶16 To establish the reliability of expert testimony that is based on experience, "'the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" ***Seifert***, 372 Wis. 2d 525, ¶73 (citation omitted). The trial court then engages in its "gatekeeping function" to determine whether the expert has sufficient experience to be deemed reliable. *See* ***id.***, ¶74. If found satisfactory, the "probative force" of the expert's testimony is for the jury to determine. *See* ***Black***, 89 Wis. 2d at 212.

¶17 Here, the trial court determined Deputy Boushon was a lay expert based on his testimony regarding his training and experience as a sheriff's deputy, which included the investigation of at least 1000 traffic accidents during his career. We conclude that, based on the relevant case law regarding this type of testimony, the trial court applied the proper legal standard, and that its determination that Deputy Boushon's experience was sufficient to provide a reliable opinion was not an erroneous exercise of its discretion. *See* ***Seifert***, 372 Wis. 2d 525, ¶90.

¶18 In support of her challenge to the admission of Deputy Boushon's testimony, Turner-Fictum relies on ***Wilder v. Classified Risk Insurance Co.***, 47 Wis. 2d 286, 288, 177 N.W.2d 109 (1970). In ***Wilder***, the court noted that "[i]t has

been a rule of some standing in this state that a police traffic report of an accident made by a traffic officer in the line of duty is not admissible in evidence as to those factual matters therein stated which are based on hearsay." *Id.* Turner-Fictum asserts this case is applicable because Deputy Boushon partially relied on his interviews with the two other people involved in the accident to reach his conclusions. Thus, she contends that Deputy Boushon's testimony should have been limited to facts for which he had personal knowledge, such as "measurements and observations[.]"

¶19 However, the issue here is not the admission of the traffic report, but rather the testimony of Deputy Boushon. Furthermore, the statements of the other motorists, which were included in Deputy Boushon's traffic report after being taken just after the accident, would in any event have been admissible as present sense impressions, an exception to the hearsay rule. *See* WIS. STAT. § 908.03(1).

¶20 Moreover, in addition to the statements of the other motorists, Deputy Boushon considered the physical location of the accident—almost halfway to the Capitol Drive exit, as opposed to being close to the Hampton Avenue on-ramp. This was corroborated by an investigator for Integrity, whose analysis confirmed that the accident had occurred "more than 1200 feet south of where the Hampton Avenue on-ramp began to merge" with Interstate 43. Additionally, there was no damage to the rear end of Turner-Fictum's vehicle, where she alleged that the unknown vehicle had struck her.

¶21 In other words, Deputy Boushon's conclusion that Turner-Fictum's account was "inconsistent" with all the evidence was based on his training and experience in considering such evidence while investigating traffic accidents. It did not rise to the level of questioning her credibility, and it did not include "an ultimate

opinion of who's at fault and who's not at fault[.]" Rather, the weight and credibility of his conclusion was for the jury to determine. *See **Black***, 89 Wis. 2d at 212.

¶22 We acknowledge that the use of the term "lay expert" is disfavored under the current rules of evidence. However, even if Deputy Boushon's testimony was erroneously admitted under that standard, we conclude that the error was harmless. *See **State v. Britt***, 203 Wis. 2d 25, 41, 553 N.W.2d 528 (Ct. App. 1996). An error will generally be considered harmless if there is "no reasonable possibility" that it contributed to the verdict. *See **State v. Tulley***, 2001 WI App 236, ¶7, 248 Wis. 2d 505, 635 N.W.2d 807. A "reasonable possibility" is "one sufficient to undermine confidence in the outcome of the proceeding." ***Id.*** (citation omitted).

¶23 Aside from Deputy Bouschon's testimony, the jury in this case heard other evidence that did not align with Turner-Fictum's version of events. Both of the other motorists involved in the accident testified at trial as to their accounts of the accident. Additionally, a report prepared by Integrity's investigator, who had reconstructed the accident, was entered into evidence. As stated above, the investigator noted the location of the accident, and in particular its distance away from the Hampton Avenue on-ramp where Turner-Fictum claimed another vehicle had entered the freeway and hit her. The investigator's report further observed that photographs of Turner-Fictum's vehicle showed no damage in the rear where she claimed she was hit by another car. Moreover, the investigator stated that the damage Turner-Fictum's car did sustain was consistent with the version of events of one of the other motorists involved, and not consistent with Turner-Fictum's version. Based on this evidence, it is unlikely that the jury would have arrived at a different verdict even if Deputy Boushon's testimony had not been admitted. *See **id.**.*

¶24    For these reasons, we conclude that it was not an erroneous exercise of discretion for the trial court to admit Deputy Boushon's testimony.

*Exclusion of Dr. Luo's Testimony*

¶25    Turner-Fictum also challenges the trial court's preclusion of the testimony of her medical expert, Dr. Luo, on the ground that he was never qualified as an expert.  In the case of medical experts, the reliability of their opinions may be "based on experience alone, 'or experience in conjunction with other knowledge, skill, training or education[.]'"  *Seifert*, 372 Wis. 2d 525, ¶77 (quoted source omitted).  Therefore, a medical expert witness who is relying on experience must "offer some articulated rationale supporting his or her opinion."  *Id.*, ¶70.

¶26    In this case, the only background provided by Dr. Luo in his deposition was that he was board certified in internal medicine.  There was no other information regarding his education, training, or experience.  Turner-Fictum attempted to introduce licensing information from the website of a hospital with which Dr. Luo had been affiliated, but the trial court rejected it based on reliability, as well as on the fact that Turner-Fictum had already rested her case at that point.

¶27    "A trial court conducts its reliability analysis with wide latitude." *Id.*, ¶64.  Furthermore, "the degree to which the medical expert is qualified implicates the reliability of the testimony." *Id.*, ¶83.  In determining that Dr. Luo had not been properly qualified as an expert, the trial court employed the legal framework of Wis. Stat. § 907.02(1) in assessing whether there was a sufficient foundation laid regarding Dr. Luo's knowledge, skill, experience, training, and education in order to admit his deposition testimony.  *See id.*  After deciding that there was not a sufficient evidentiary foundation, the trial court then properly exercised its discretion in deciding that Dr. Luo's testimony was not reliable without this

information, and excluded the evidence.[2]  *See Seifert*, 372 Wis. 2d 525, ¶90.  This was a reasonable conclusion based on the relevant facts and the proper legal standards.  *See Mayo*, 301 Wis. 2d 642, ¶31.

¶28  Based on this analysis, the trial court also properly exercised its discretion in denying Turner-Fictum's motion for a new trial.  *See id.*; *see also Burch*, 198 Wis. 2d at 476.  Accordingly, we affirm the trial court's dismissal of Turner-Fictum's claims against Integrity.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[2]  We further point out that Dr. Luo's testimony would have been particularly relevant with regard to the issue of damages.  However, because the jury's verdict assessed no liability to Integrity, that issue was essentially moot.